IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2019-NMCA-065

Filing Date: July 11, 2019

No. A-1-CA-35731

VALERIE RODRIGUEZ, as Parent
and Next Friend of BILLY JOE
RODARTE, JR., a minor,

     Plaintiff-Appellant,

v.

DENNIS T. SANCHEZ, ESQ.,

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff F. McElroy, District Judge**

Released for Publication November 5, 2019.

Voorhees Law Firm, P.C.
Scott F. Voorhees
Santa Fe, NM

for Appellant

Atler Law Firm, P.C.
Timothy J. Atler
Albuquerque, NM

Crollett & McDowell, P.A.
Robert Crollett
Taos, NM

for Appellee

**OPINION**

**HANISEE, Judge.**

**{1}** Plaintiff appeals the district court's order denying her motion to reconsider the district court's dismissal of her case with prejudice under Rule 1-041(E)(1) NMRA for failure to prosecute. Concluding that the district court erred in dismissing Plaintiff's complaint, we reverse.

**BACKGROUND**

**{2}** In July 2012 Plaintiff brought a legal malpractice case against Defendant related to Defendant's representation of Plaintiff in a wrongful death action on behalf of her minor son in 2005. On June 25, 2015, the district court dismissed Plaintiff's malpractice case without prejudice for lack of prosecution under Rule 1-041(E)(2). The same day, Plaintiff moved to reinstate her case, and the district court granted the motion on July 8, 2015. On July 10, 2015, Defendant filed a motion to dismiss Plaintiff's case with prejudice under Rule 1-041(E)(1) based on allegations that Plaintiff had failed to take significant action to bring the action to a conclusion. Plaintiff filed a response to Defendant's motion on July 26, 2015, and the next day filed a request for a scheduling conference hearing. On July 30, 2015, the district court conducted a hearing on Defendant's motion to dismiss and at the conclusion of the hearing, denied the motion.

**{3}** On September 2, 2015, the district court entered a joint Rule 1-016(B) NMRA scheduling order that had been agreed to and submitted by the parties. The order set deadlines for filing lay witness, expert witness, and exhibit lists, completing discovery, and filing dispositive motions. It also set a pretrial conference date and a date for trial to commence. In accordance with the scheduling order, Plaintiff filed her preliminary witness list and preliminary exhibit list on October 1, 2015. On October 7, 2015, Plaintiff filed an amended notice to take the deposition of one of her expected fact witnesses. And on October 31, 2015, Plaintiff filed her expert witnesses list, disclosing the expert witness she indicated she may call to testify at trial.

**{4}** On October 9, 2015, Defendant filed a motion to reconsider the district court's denial of his July 10, 2015, motion to dismiss. The district court held a hearing on Defendant's motion for reconsideration on November 30, 2015. After taking the matter under advisement for several months, the district court granted Defendant's motion to reconsider and issued an order of dismissal with prejudice on February 11, 2016. In its order, the district court found that "Plaintiff took no significant action to prosecute this matter for a two[-]year period from June 5, 2013 until July 8, 2015." It further found that while it had entered a Rule 1-016(B) scheduling order on September 9, 2015, the order "was not entered until . . . significantly after . . . Defendant filed his original [m]otion to [d]ismiss[.]" It therefore concluded that it "was wrong to have denied the [m]otion to [d]ismiss . . . in July."

**{5}** Plaintiff moved for reconsideration, noting the discovery she had sent on April 3, 2013, the depositions taken on September 26, 2013, and all of the actions she had taken "after the case was reinstated" on July 8, 2015, that "show that [Plaintiff] is ready and able to bring this case to resolution on the merits." Plaintiff also contended that she was in compliance with the Rule 1-016(B) scheduling order, which Plaintiff argued

should prevent dismissal of her case. Plaintiff urged the court to consider all of Plaintiff's activities aimed at bringing her case to final disposition—including those she took in the years following the filing of her complaint *and* those she took after Defendant filed his motion to dismiss—and not focus exclusively on the two-year period of inactivity immediately preceding Defendant's motion to dismiss as Defendant argued the court should do.

**{6}** The district court denied Plaintiff's motion for reconsideration. In its order, the district court stated that it "will not consider Plaintiff's activities after . . . Defendant filed his [m]otion to [d]ismiss . . . on July 10, 2015." It further specified that "[i]n deciding whether . . . Defendant is entitled to a dismissal with prejudice, the [c]ourt looks solely to the activity that occurred between June 5, 2013 and July 8, 2015[,] when the [c]ourt entered its [o]rder of [r]einstatement." The court concluded, "The case is dismissed based on where the case stood prior to July 8, 2015. At that time there was no significant activity taken by . . . Plaintiff to bring the matter to conclusion." From that order, Plaintiff appeals.

**DISCUSSION**

**{7}** Rule 1-041(E)(1) provides:

> Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim. *An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 . . .* or with any written stipulation approved by the court.

(Emphasis added.)

**{8}** Plaintiff argues that under the plain language of Rule 1-041(E)(1), the district court was without discretion to dismiss her action because she was in compliance with the Rule 1-016(B) scheduling order entered by the district court before it decided Defendant's motion to dismiss. Plaintiff specifically relies on our Supreme Court's opinion in *Cottonwood Enterprises v. McAlpin* (*Cottonwood*), 1989-NMSC-064, 109 N.M. 78, 781 P.2d 1156, which she contends "acknowledged that a scheduling order with trial date acted as a sort of safe harbor from Rule 1-041(E) dismissal[.]" Plaintiff additionally advances myriad other arguments on appeal, including that the district court erred by (1) refusing to consider her activity both in the two years following the filing of her complaint and after Defendant moved to dismiss her case, and (2) failing to hold an evidentiary hearing prior to dismissing her case.

**{9}** Defendant argues that Rule 1-041(E)(1) does not preclude the possibility of a dismissal in this case and that the district court properly exercised its discretion in dismissing Plaintiff's case after considering only Plaintiff's activities in the two years

immediately preceding the filing of Defendant's motion to dismiss. Defendant specifically contends that because the Rule 1-016(B) scheduling order was requested and entered *after* Defendant moved for dismissal, this case is distinguishable from *Cottonwood*. Defendant alternatively argues that we should affirm the district court's dismissal because the district court lacked subject matter jurisdiction over Plaintiff's action.

**{10}**   We first consider whether the district court had discretion to dismiss Plaintiff's case after it entered the Rule 1-016(B) scheduling order and in the absence of a finding that Plaintiff was not in compliance with that order. Concluding that it did not and, therefore, that dismissal was improper, we next address Defendant's arguments— raised for the first time on appeal—that the district court lacked jurisdiction over Plaintiff's case in the first instance, necessitating dismissal in any event.

**I.    The District Court Abused its Discretion in Dismissing Plaintiff's Case Under Rule 1-041(E)(1)**

**A.    Standard of Review and Applicable Rules of Interpretation**

**{11}**   On appeal from a dismissal under Rule 1-041(E)(1), we will reverse a district court's decision to dismiss for inactivity if we determine that the district court abused its discretion. *See Cottonwood*, 1989-NMSC-064, ¶ 6. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of the Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted). A district court abuses its discretion when it applies an incorrect standard or incorrect substantive law. *Aragon v. Brown*, 2003-NMCA-126, ¶ 9, 134 N.M. 459, 78 P.3d 913. "We review a district court's answers to questions of law, including those that interpret Rules of Civil Procedure, de novo." *N.M. Uninsured Emp'rs Fund v. Gallegos* (*Gallegos*), 2017-NMCA-044, ¶ 15, 395 P.3d 533.

**{12}**   In interpreting procedural rules, "we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *Id.* (internal quotation marks and citation omitted). "We first look to the language of the rule[, and i]f the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (internal quotation marks and citation omitted). Additionally, "[w]hen dealing with a statute or rule which has been amended, the amended language must be read within the context of the previously existing language, and the old and new language, taken as a whole, comprise the intent and purpose of the statute or rule." *Vigil v. Thriftway Mktg. Corp.*, 1994-NMCA-009, ¶ 15, 117 N.M. 176, 870 P.2d 138. When the Supreme Court amends its rules, we presume it is aware of this Court's and its own existing interpretations of the rules and that it intends to change or clarify existing law governing procedural practice in state courts. *Cf. Alarcon v. Albuquerque Pub. Schs. Bd. of Educ.*, 2018-NMCA-021, ¶ 5, 413 P.3d 507 ("When the Legislature amends a statute, we presume the Legislature is aware of existing law,

including opinions of our appellate courts, and we normally presume it intends to change existing law."), 2018-NMCERT-\_\_\_, (No. S-1-SC-36811, Jan. 23, 2018).

## B.    Rule 1-041(E)(1)

**{13}**    Rule 1-041(E)(1) provides in pertinent part that "[a]n action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016[.]" There is nothing ambiguous about this provision. By its plain language, it prohibits a district court from dismissing a party's action or claim on an opposing party's motion to dismiss for failure to prosecute if the party opposing dismissal is in compliance with an order entered under Rule 1-016. Rule 1-041(E)(1) says nothing about whether the request for or granting of the scheduling order preceded or followed the filing of the Rule 1-041(E)(1) motion to dismiss.

**{14}**    The parties'—and the district court's—preoccupation with the timing of the district court's entry of the Rule 1-016(B) scheduling order in this case stems from their reliance on outdated cases from this Court and our Supreme Court that held that the timing of a plaintiff's request for a trial setting had to be considered by the district court and could, in some instances but not all, be dispositive of whether dismissal could be granted. *See Cottonwood*, 1989-NMSC-064, ¶ 8 (holding that because the plaintiff "had filed for and been granted a trial date prior to the district court's grant of the motion to dismiss, [the plaintiff] had been actively pursuing a final determination, and therefore the district court abused its discretion" in dismissing the plaintiff's case); *Jones v. Montgomery Ward & Co.*, 1985-NMSC-062, ¶¶ 12-13, 16, 103 N.M. 45, 702 P.2d 990 (holding that under the facts of that case—i.e., where significant discovery had occurred, where the plaintiff responded to the motion to dismiss by submitting "a written request for an immediate jury trial[,]" and where the district court had set a tentative trial date—dismissal was improper); *Martin v. Leonard Motor-El Paso*, 1965-NMSC-060, ¶¶ 9, 12, 75 N.M. 219, 402 P.2d 954 (stating that "it cannot be denied that the [plaintiff's] filing of the motion for a trial setting on the merits amounted to action by the plaintiff to bring the case to its final determination, and that such action came before the defendant elected to invoke his right to dismissal[,]" and, therefore, reversing the district court's dismissal of the plaintiff's complaint); *Stoll v. Dow*, 1986-NMCA-134, ¶¶ 4-5, 8-9, 12, 105 N.M. 316, 731 P.2d 1360 (rejecting the plaintiff's contention that his motion requesting a trial setting— made but never granted more than ten years prior to the defendant's motion to dismiss—"indefinitely tolled the [three-year] time period" for bringing his case to final disposition, and stating that "the fact that [the] plaintiff had filed a request for trial setting . . . in 1973 is no obstacle to the granting of a [Rule 1-041(E)] motion to dismiss in 1984"); *Sewell v. Wilson*, 1982-NMCA-017, ¶¶ 6, 36, 97 N.M. 523, 641 P.2d 1070 (noting that the plaintiff in that case "moved for a trial setting" after the defendants filed their motion to dismiss but more than one year before the district court granted the motion, and holding that the plaintiff's request for a trial setting should "be considered in determining the propriety of the dismissal"). But those cases all predate our Supreme Court's 1990 amendment of Rule 1-041(E), an amendment that added the express prohibition against dismissing an action where the party is in compliance with a

scheduling order, something that neither the parties nor the district court acknowledged or addressed. We explain.

**The Pre-1990 Rule**

**{15}** Under Rule 1-041(e)(1) NMRA (Supp. 1979) (referred to as the "former rule") (current version at Rule 1-041(E)(1)), a party could seek to have an action dismissed with prejudice if it was "made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action . . . to its final determination for a period of at least three years[.]" Rule 1-041(e)(1) (Supp. 1979). The former rule provided an exception for cases where "a written stipulation signed by all parties to said action . . . has been filed suspending or postponing final action therein beyond three years[.]" *Id.* It did not expressly prohibit dismissal where a party had either requested or been granted a trial setting or was in compliance with a scheduling order.

**{16}** In *Martin*, our Supreme Court declared with respect to the former rule, "[the Court] make[s] no attempt to fix a standard of what action is sufficient to satisfy the requirement of the rule, for each case must be determined upon its own particular facts and circumstances." 1965-NMSC-060, ¶ 7. Thus, courts deciding cases under the former rule had to determine on a case-by-case basis whether a plaintiff's activities—including his or her request for a trial setting—constituted sufficient action to bring the case to a final determination, thereby allowing the plaintiff to avoid dismissal. District courts were instructed to consider: "(1) all written and oral communications between the court and counsel; (2) actual hearings by the court on motions; (3) negotiations and other actions between counsel looking toward the early conclusion of the case; (4) all discovery proceedings; and (5) any other matters which arise and the actions taken by counsel in concluding litigation." *Jones*, 1985-NMSC-062, ¶ 10.

**{17}** Beginning with *Martin* and ending with *Cottonwood*, numerous cases raised the question of what effect a plaintiff's request for trial setting should have on a district court's dismissal determination. In nearly every case where the plaintiff had moved for a trial setting either before or shortly after a motion to dismiss was filed, this Court and our Supreme Court reversed the district court's dismissal of the action. *Cottonwood*, 1989-NMSC-064, ¶ 8; *Jones*, 1985-NMSC-062, ¶¶ 13, 16; *Martin*, 1965-NMSC-060, ¶¶ 4, 9; *Sewell*, 1982-NMCA-017, ¶¶ 6, 36-37. *But see Stoll*, 1986-NMCA-134, ¶¶ 8-9 (affirming the district court's dismissal in 1984 when the plaintiff had moved for a trial setting in 1973). In those cases, the plaintiff's willingness to set a trial date was considered—either on its own or coupled with other activities—a sufficient indication that the plaintiff was ready and able to bring his or her case to a final determination on the merits, which New Mexico prefers. *See also State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 1972-NMSC-027, ¶ 7, 83 N.M. 690, 496 P.2d 1086 (expressing concern that the then-extant application of the former rule disregarded our Supreme Court's "often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities" (internal quotation marks and citation omitted)). *Compare Cottonwood*, 1989-NMSC-064, ¶¶ 7-8 (explaining that it was

unnecessary to consider whether the plaintiff's various actions "constituted adequate activity" to avoid dismissal under Rule 1-041(E) because the fact that the plaintiff had filed for and been granted a trial date was dispositive), *with Jones*, 1985-NMSC-062, ¶¶ 12-13, 16 (considering the totality of facts and circumstances, including the plaintiff's activities throughout litigation, in determining the propriety of dismissal). Nevertheless, because "[w]hat constitutes activity bringing a case to a final determination must be decided considering the facts of each case[,]" the rule remained that "the *filing* for a trial date does not per se mandate that the [Rule] 1-041[(E)] motion must be denied." *Cottonwood*, 1989-NMSC-064, ¶ 10 (emphasis added). However, in *Cottonwood*, our Supreme Court concluded that the policy underlying Rule 1-041(E)—"to expedite the prosecution of litigation in our courts"—was "achieved through the *granting* of a trial setting." *Cottonwood*, 1989-NMSC-064, ¶ 11 (emphasis added). *Cottonwood*, thus, prior to the 1990 amendment, effectively established a per se mandate against granting a Rule 1-041(E) motion to dismiss after the district court has granted a trial setting.

**The 1990 Amendment**

**{18}**   Our Supreme Court's 1990 amendment of Rule 1-041(E), which took effect shortly after *Cottonwood* was decided, codified the newly announced common law rule. The 1990 amendment, in addition to reducing the presumptive time for bringing an action or claim to final disposition from three years to two, added that "[a]n action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 or with any written stipulation approved by the court." *Compare* Rule 1-041(E)(1) NMRA (1990), *with* Rule 1-041(e)(1) (Supp. 1979). Considered in light of the foregoing discussion, the Supreme Court's addition of this provision can be understood as establishing at least one per se "standard of what action is sufficient" to avoid dismissal under the rule. *Martin*, 1965-NMSC-060, ¶ 7. Thus, following the 1990 amendment, the rule is that if the district court has entered an order under Rule 1-016, and if the party against whom dismissal is sought is in compliance with that order as of the time the district court rules on the motion to dismiss, dismissal may not be had. *See Jones*, 1985-NMSC-062, ¶ 15 (noting that it was "examining the status" of the litigation in that case at the time the defendant's motion to dismiss was *considered*, not filed).

**{19}**   For our purposes, it is also important to note that the 1990 amendment not only changed, but also expanded upon the former rule. Where the former rule provided only for dismissal of an action with prejudice upon the motion of a party, the 1990 amendment added a provision allowing district courts to dismiss an action *without* prejudice either sua sponte or upon the motion of a party. Rule 1-041(E)(2) (1990). Rule 1-041(E)(2), initially employed by the district court in this case, was "intended to provide a standardized procedure for trial courts to evaluate the intentions of [the] parties and their counsel and to rid their dockets of cases that should not be carried as active cases." *Vigil*, 1994-NMCA-009, ¶ 15. Under Rule 1-041(E)(2) an action or claim may be dismissed without prejudice "if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days." However, if the district court has entered a pretrial

scheduling order in accordance with Rule 1-016, a case is not subject to dismissal under Rule 1-041(E)(2). *Id.* Notably, if an action or claim is dismissed under Rule 1-041(E)(2), "any party may move for reinstatement of the case" within thirty days, and "[u]pon good cause shown, the court shall reinstate the case *and shall enter a pretrial scheduling order pursuant to Rule 1-016*[.]" Rule 1-041(E)(2) (emphasis added).

**{20}** Understood together, Subsection (E)(1) and Subsection (E)(2) create a complementary system for ensuring that cases do not languish on either counsel's desk or court dockets and that the prosecution of actions is expedited to ensure the overarching goal of providing litigants with their day in court, i.e., for achieving Rule 1-041(E)'s underlying purpose. That the 1990 amendment coupled both provisions of Rule 1-041(E) with Rule 1-016, a rule similarly geared toward managing and expediting civil litigation to a final disposition, was no accident. Nor is it something that parties and district courts may disregard.

### C.    The District Court Misapprehended Rule 1-041(E)(1) and (2)

**{21}** As previously noted, the district court dismissed Plaintiff's case without prejudice under Rule 1-041(E)(2) on June 25, 2015. That same day, Plaintiff filed a motion to reinstate her case in which she identified as grounds for the motion that she "is continuing to attempt to locate witnesses and assets of [D]efendant." Before the time for Defendant to file a response ended, the district court granted Plaintiff's motion.[1] Defendant did not seek reconsideration of the district court's reinstatement or otherwise challenge the reinstatement, e.g., by contending that Plaintiff had failed to show good cause for reinstatement. Instead, Defendant effectively conceded the propriety of the reinstatement and elected, alternatively, to seek dismissal of Plaintiff's reinstated complaint under Rule 1-041(E)(1).

**{22}** Under Rule 1-041(E)(2), then, the district court, having reinstated the complaint, was required to "enter a pretrial scheduling order pursuant to Rule 1-016." Rule 1-041(E)(2). Initially, it did not. However, after denying Defendant's ensuing motion to dismiss under Rule 1-041(E)(1), and upon the parties' submission of a joint Rule 1-016(B) scheduling order, the district court entered the required pretrial scheduling order. From that point forward, under both Rule 1-041(E)(1) and (E)(2), the district court was without discretion to dismiss Plaintiff's complaint unless it first found that Plaintiff was not in compliance with the scheduling order. *Id.*

**{23}** By granting Plaintiff's motion to reinstate and thereafter entering a scheduling order contemplated by the rule, the district court—in its discretion—effectively curtailed its discretion. Despite later expressing its belief that it "should not have reinstated the

---

[1]Plaintiff filed her motion to reinstate on June 25, 2015. Under Rule 1-007.1(D) NMRA, Defendant had fifteen days, or until July 10, 2015, to respond. *See id.* (providing, generally, fifteen days to respond to a motion and that "[i]f a party fails to file a response within the prescribed time period the court may rule with or without a hearing"). The district court granted Plaintiff's motion to reinstate on July 8, 2015.

case on June 25, 2015[,]"[2] the district court could not un-ring that bell, particularly not when Defendant had not challenged the reinstatement in any way. The district court's entry of the Rule 1-016(B) scheduling order and Plaintiff's demonstrated compliance therewith achieved the purpose of expediting Plaintiff's litigation to a final determination such that the district court's dismissal of Plaintiff's case on February 11, 2016, was improper.[3]

## II.     The District Court Had Jurisdiction Over Plaintiff's Complaint Throughout the Proceedings

**{24}**     Defendant argues that we should affirm the district court's dismissal because Plaintiff's case was either (1) time-barred at the outset, which Defendant contends deprived the district court of jurisdiction to hear the case; or (2) deemed to be time-barred following the district court's dismissal without prejudice, thereby depriving the district court of jurisdiction to reinstate Plaintiff's complaint. We disagree and briefly explain why.

### A.     Defendant's Statute of Limitations Argument is Not Preserved for This Appeal

**{25}**     Although Defendant raised the statute of limitations as an affirmative defense in his answer to Plaintiff's complaint, he admits that the parties did not litigate the issue in the district court and never invoked a ruling from that court on the matter. On appeal, the parties raise factual arguments regarding the date Plaintiff's cause of action accrued based on the discovery rule. "As a general rule, issues as to whether a claim has been timely filed or whether good cause exists for delay in filing an action are questions of fact, and such issues only become issues of law when the facts are undisputed." *Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 10, 298 P.3d 500 (internal quotation marks and citation omitted). "On appeal, this Court will not assume the role of the trial court and delve into such a fact-dependent inquiry[.]" *Pinnell v. Bd. of Cty. Comm'rs of Santa Fe Cty.*, 1999-NMCA-074, ¶ 14, 127 N.M. 452, 982 P.2d 503.

**{26}**     Moreover, we disagree with Defendant that the statute of limitations is jurisdictional in this case. As our Supreme Court noted, "defenses based on statutes of limitation typically are waived if not raised in the pleadings, [but] our cases have indicated that time limitations contained in statutes which establish a 'condition precedent to the right to maintain the action' are jurisdictional and not subject to waiver."

[2]The district court believed that it should not have reinstated the case "as there was no significant activity taken by Plaintiff to bring the case to a conclusion as reflected in the [c]ourt file and docket." But that is not the standard for reinstating a case. The standard for reinstating a case under Rule 1-041(E)(2) is "good cause shown," and the movant's ability to establish "good cause" is not limited to what is included within the court's file and docket. *See Vigil*, 1994-NMCA-009, ¶ 18 (providing that under Rule 1-041(E)(2)'s "good cause" standard, "a trial judge should reinstate a claim previously dismissed sua sponte if a party can demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in the prosecution is not wholly without justification" (internal quotation marks and citation omitted)).

[3]Because our conclusion on this issue is dispositive, we do not address Plaintiff's other arguments regarding the district court's failure to consider all of the evidence before it and to hold an evidentiary hearing.

*Wilson v. Denver*, 1998-NMSC-016, ¶ 9, 125 N.M. 308, 961 P.2d 153 (internal quotation marks and citation omitted). The cases cited by Defendant are all cases like *Wilson* in which a statute establishes a time limitation as a condition precedent to maintain an action. *See, e.g.*, *Citizens for Los Alamos, Inc. v. Inc. Cty. of Los Alamos*, 1986-NMSC-063, ¶ 6, 104 N.M. 571, 725 P.2d 250 (discussing the thirty-day time limitation for appeals from a decision of the zoning authority set forth in NMSA 1978, Section 3-21-1(A) (2008)); *In re Estate of Mayfield*, 1989-NMSC-016, 108 N.M. 246, 771 P.2d 179 (discussing time limitation set forth in the probate code for bringing a claim against an estate). A cause of action for legal malpractice, however, is subject only to the general four-year limitations period provided in NMSA 1978, Section 37-1-4 (1880), and Defendant cites no authority for the proposition that our general limitations statutes are similarly jurisdictional. Defendant has thus failed to establish that we can review the matter on the merits for the first time on appeal, pursuant to Rule 12-321(B)(1) NMRA (stating that "[s]ubject matter jurisdiction . . . may be raised at any time"), or that there is any basis to affirm the district court as "right for any reason" on appeal.

**B.     The District Court Had Jurisdiction to Reinstate Plaintiff's Case**

**{27}**     Defendant next argues that Plaintiff's complaint should be deemed to be time-barred based on Plaintiff's failure to prosecute her case and that the district court was, therefore, without jurisdiction to reinstate her case. Defendant contends that when the district court first dismissed Plaintiff's case *without* prejudice for failure to prosecute on June 25, 2015, the dismissal operated as a dismissal *with* prejudice because by then, the statute of limitations had run. Defendant relies on our Supreme Court's decision in *King v. Lujan*, 1982-NMSC-063, 98 N.M. 179, 646 P.3d 1243, to support his contentions. Defendant's reliance is misplaced.

**{28}**     In *King*, our Supreme Court held that "a dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Id.* ¶ 7. Under the version of Rule 1-041 that existed at the time, if a case was dismissed for failure to prosecute, the plaintiff had to file a new complaint in order to revive his or her claims. *See Wershaw v. Dimas*, 1996-NMCA-118, ¶ 4, 122 N.M. 592, 929 P.2d 984. Therefore, *King* held that "[w]here the period of limitations has run, a dismissal without prejudice is tantamount to a dismissal with prejudice." 1982-NMSC-063, ¶ 9. However, Rule 1-041 was later amended to "allow for the *reinstatement* of a case that has been dismissed without prejudice for lack of prosecution upon a showing of good cause." *Wershaw*, 1996-NMCA-118, ¶ 4 (emphasis added). As this Court held in *Wershaw*, "[b]ecause a new complaint is not filed and the case is simply reactivated, there is no problem with the running of the statute of limitations." *Id.* Our Supreme Court has since directly considered *Wershaw*'s holding and declined to disturb it. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 16, 128 N.M. 536, 994 P.2d 1154. Moreover, we have also considered the matter and have explained, "under Rule 1-041(E)(2), a reinstatement reactivates the case at the same point in the proceedings where it was dismissed, and the plaintiff need not be concerned about the statute of limitations." *Bankers Tr. Co. of Cal., N.S. v. Baca*, 2007-NMCA-019, ¶ 7, 141 N.M. 127, 151 P.3d 88 (internal quotation marks and citation omitted).

**{29}** Defendant acknowledges *Wershaw* and *Meiboom* but argues that "*King*'s holding applies unless a plaintiff timely files a motion showing good cause to reinstate[,] pursuant to the holding in *Wershaw*." Defendant concedes that Plaintiff's motion to reinstate was timely but argues that Plaintiff failed to establish good cause to reinstate her case. According to Defendant, Plaintiff's motion to reinstate "merely asserted, without explanation, that she was 'continuing to attempt to locate witnesses and assets of [D]efendant,' and it failed to address whether the previous delay was justified." Defendant contends that this was insufficient to satisfy the "good cause" standard for reinstating a case articulated in *Vigil.*, 1994-NMCA-009, ¶ 16 ("To show 'good cause,' the party filing the motion to defer dismissal must demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification." (internal quotation marks and citation omitted)). As such, Defendant reasons, Plaintiff "should not be entitled to the benefit of *Wershaw*'s holding."

**{30}** The threshold and dispositive problem with Defendant's argument is that he failed to raise it in the district court, meaning this argument is unpreserved for our review. *See* Rule 12-321(A) ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). As noted previously, Defendant neither argued to the district court that Plaintiff had failed to show good cause nor challenged the district court's reinstatement of Plaintiff's complaint. Under these circumstances, we decline to consider Defendant's unpreserved argument that Plaintiff failed to demonstrate good cause any further. *See Consol. Freightways, Inc. v. Subsequent Injury Fund*, 1990-NMCA-058, ¶ 12, 110 N.M. 201, 793 P.2d 1354 ("Where the record does not indicate that a contention was presented below, it will not be considered on appeal unless it is jurisdictional in nature."). The district court had jurisdiction to reinstate Plaintiff's case following its dismissal without prejudice despite the running of the statute of limitations. *See Wershaw*, 1996-NMCA-118, ¶ 4.

## CONCLUSION

**{31}** For the foregoing reasons, we reverse the district court's order dismissing Plaintiff's complaint with prejudice and remand for further proceedings consistent with this opinion.

**{32}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JAMES J. WECHSLER, Judge Pro Tempore**