This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39314**

**BRIAN DEL CURTO,**

 Plaintiff-Appellant,

v.

**LEE DESCHAMPS, DAVID DOTSON,**
**THE DESCHAMPS LAW FIRM, LLC,**
**a New Mexico Limited Liability Company, f/k/a**
**DESCHAMPS & KORTEMEIER LAW**
**OFFICES, P.C., a New Mexico Corporation,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Western Agriculture, Resource
and Business Advocates, LLC
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

The Deschamps Law Firm, LLC
Lee Deschamps
Socorro, NM

for Appellee Lee Deschamps and The Deschamps Law Firm, LLC

David Dotson
Socorro, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiff appeals from the district court's order denying his motion to reconsider the district court's previous order dismissing for inactivity under Rule 1-041(E)(2) NMRA. Unpersuaded that Plaintiff demonstrated error in the district court's dismissal or denial of reinstatement, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded with a memorandum in opposition to our notice. We remain unpersuaded, and affirm.

**{2}** On appeal, Plaintiff contends the district court erred by denying his motion to reconsider dismissal because, under the plain language of Rule 1-041(E)(2), a pretrial scheduling order had been entered. [DS 6] In our notice, this Court proposed to hold that because all significant dates in the pretrial scheduling order had long passed without compliance [1 RP 107-09, 200-04, 229-34, 248-49; 2 RP 407], there was no controlling, active pretrial scheduling order in place that would preclude dismissal or require reinstatement. We also observed that the case was assigned to different judges with different dockets after the scheduling order had expired without compliance [2 RP 337-38, 354, 403-04]; Plaintiff implicitly acknowledged the need for a new, controlling scheduling order by his subsequent request for a hearing from a subsequently assigned judge [2 RP 357]; and Plaintiff wrongfully moved to excuse the last-assigned judge, then did nothing to move the case forward for the next seven months, after which the district court dismissed the case for lack of prosecution [2 RP 440]. We proposed to conclude that under the circumstances—where there is no indication of compliance with the expired scheduling order or with the extended deadlines for discovery and where seven months of inactivity passed without explanation or good cause—the district court had discretion to dismiss and deny reinstatement under Rule 1-041(E)(2). *See Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 22, 451 P.3d 105 (holding that under Rule 1-041(E) a district court has discretion to dismiss a case if it finds that a party was not in compliance with the scheduling order).

**{3}** In response to our notice, Plaintiff does not contend that this Court's recitation of the operable facts was incorrect or incomplete, nor that this Court wrongfully construed the requirements of Rule 1-041(E)(2). In short, Plaintiff does not directly challenge our proposed analysis. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Instead of arguing that our proposed analysis was incorrect, Plaintiff asserts that the district court's dismissal was unfair, wrongfully punitive, and used to create a procedural trap and asks this Court for "mercy." [MIO 2-5] Our review of the docketing statement and record proper shows that Plaintiff has not previously made this or a similar argument, challenging the district court's use of its discretion, either in this Court

or in the district court. [2 RP 409-10, 439] We construe the inclusion of this newly raised argument as a motion to amend the docketing statement and deny it because the issue was not preserved, cannot be raised for the first time on appeal, and is not viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{5}**     Rule 1-041(E)(2) affords the district court discretion to dismiss and deny reinstatement under conditions present in this case. The district court's discretion under the rule is its own equitable determination that this Court will not make for the first time on appeal. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)); *cf. Paternoster v. La Cuesta Cabinets, Inc.*, 1984-NMCA-097, ¶ 27, 101 N.M. 773, 689 P.2d 289 ("Judicial discretion is an equitable determination of what is just and proper under the circumstances[.]"). Even considering Plaintiff's new assertions, they do not establish the extraordinary and limited circumstances that would warrant application of the fundamental error doctrine to this civil case. *See Estate of Gutierrez ex rel. Jaramillo v. Meteor Monument, L.L.C*, 2012-NMSC-004, ¶ 33, 274 P.3d 97 (explaining that our courts will apply the fundamental error doctrine in civil cases only in "the most extraordinary and limited circumstances"). Also, even if Plaintiff's assertions were somehow preserved, they do not demonstrate that the district court's rulings were arbitrary, capricious, against the logic and facts of the case, or not justified by reason. *See Progressive Cas. Co. v. Vigil*, 2018-NMSC-014, ¶ 13, 413 P.3d 850; *Cottonwood Enters. v. McAlpin*, 1989-NMSC-064, ¶ 6, 109 N.M. 78, 781 P.2d 1156 (stating that we will not reverse a district court's decision to dismiss for inactivity except for abuse of discretion); *Paternoster*, 1984-NMCA-097, ¶ 27.

**{6}**     For the reasons stated in our notice and in this opinion, we affirm the district court's order dismissing the complaint and denying reconsideration.

**{7}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**MEGAN P. DUFFY, Judge (dissenting).**

**DUFFY, Judge (dissenting).**

**{8}**     I respectfully dissent out of disagreement with the majority opinion's interpretation of Rule 1-041(E)(2). Because the procedural background is relevant to my analysis of the district court's dismissal, I offer a brief overview before turning to an evaluation of the rule.

**{9}** The parties actively litigated this case for three years before the district court dismissed the case for lack of prosecution under Rule 1-041(E)(2). As the Plaintiff emphasizes in his docketing statement, [DS 3] a scheduling order was entered on May 23, 2017, which set trial to begin in September 2018. [1 RP 107-108; 2 RP 337] One month before trial, on Defendants' motion and in view of the judge's impending retirement, the district court entered an order amending the scheduling order time limits. That order extended certain discovery deadlines and reset trial for March 2019, "pending review by the incoming Judge assigned to the case." [2 RP 337-38] The record does not reflect when the new judge was assigned and was essentially silent until Plaintiff exercised a peremptory excusal of the newly assigned district judge in April 2019. [2 RP 354] After the case was reassigned, Plaintiffs requested a Rule 1-016 NMRA scheduling conference. [2 RP 356; 2 RP 357] The court set the conference to occur on December 3, 2019. However, that morning, the judge filed an order of recusal and the case was again reassigned to a new judge. [2 RP 402; 2 RP 403] Seven months later, the court dismissed the case for lack of prosecution. [2 RP 407] Instead of moving to reinstate the case under Rule 1-041(E)(2), Plaintiff filed a motion to reconsider, arguing that the previous scheduling order in the case precluded the dismissal. The district court denied Plaintiff's motion, and Plaintiff appealed. [2 RP 440]

**{10}** The majority opinion concludes that because "all significant dates in the pretrial scheduling order had long passed without compliance," *Maj. Op.* ¶ 2, the scheduling order had expired and effectively had no bearing on the Rule 1-041(E)(2) calculus. I perceive two problems with this rationale. First, I disagree with the premise that the scheduling order expired. The majority opinion offers no support for this view, and such a construction is problematic. Scheduling orders under Rule 1-016 contain a number of deadlines governing parties' litigation activities, including discovery, motions, and trial. A scheduling order remains in force until it is amended or replaced with a new order—the order in this case says as much expressly. [1 RP 109 ¶ 14] Accordingly, even if the trial date is vacated, the parties remain bound by the deadlines in the order for other aspects of their case. If it were otherwise, parties could, for example, resume discovery, amend their witness lists, disclose new or additional experts, file additional dispositive motions, file new pretrial orders, and the like while waiting for the trial to be reset. In practice, parties understand that they are not free to do any of these things until and unless the deadlines are modified by the district court in a subsequent order. For these reasons, I disagree with the majority opinion's conclusion that a prior scheduling order has no force simply because the trial date has passed. Likewise, I do not view Plaintiff's request for a new scheduling order as an acknowledgment that the prior order had no effect, as the majority does, but rather, as an acknowledgment that the order remains binding.

**{11}** Second, I disagree with the majority's conclusion that district courts have discretion under Rule 1-041(E)(2) to dismiss a case when "there is no indication of

compliance with the expired scheduling order[.]"[1] *Maj. Op.* ¶ 2. This incorrectly conflates the different standards set forth in Rule 1-041(E)(1) and (E)(2).

**{12}**   Under Rule 1-041(E)(1), a party can move to dismiss an action with prejudice if the claimant has failed to take any significant action within two years. Under this subsection, the Rule provides that "[a]n action or claim shall not be dismissed if the party opposing the motion is *in compliance* with an order entered pursuant to Rule 1-016." (Emphasis added.)

**{13}**   In contrast, Subsection (E)(2)—the provision relied on by the district court in this case—"was intended to provide a standardized procedure for trial courts to evaluate the intentions of the parties and their counsel and to rid their dockets of cases that should not be carried as active cases." *Rodarte*, 2019-NMCA-065, ¶ 19 (alteration, internal quotation marks, and citation omitted). Under Subsection (E)(2), the district court can, sua sponte or on the motion of a party, dismiss an action without prejudice, "if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days." Rule 1-041(E)(2). However, "*if the district court has entered a pretrial scheduling order in accordance with Rule 1-016, a case is not subject to dismissal under Rule 1-041(E)(2)*[.]" *Rodarte*, 2019-NMCA-065, ¶ 19 (emphasis added). Notably, nothing in this subsection requires that a party be "in compliance" with the scheduling order.

**{14}**   In light of the Rule's plain language, the majority opinion's focus on Plaintiff's compliance with the previous scheduling order misses the mark. As *Rodarte* makes clear, the district court has no discretion to dismiss a case under Subsection (E)(2) if a scheduling order has been entered. Nevertheless, the majority opinion concludes that even if a scheduling order has been entered, the district court possesses discretion to dismiss the case under Subsection (E)(2) if a party is not in compliance with that order. There is no support for such an interpretation in the Rule itself or in case law construing it.

**{15}**   We held in *Rodarte* that "[u]nderstood together, Subsection (E)(1) and Subsection (E)(2) create a complementary system for ensuring that cases do not languish on either counsel's desk or court dockets and that the prosecution of actions is expedited to ensure the overarching goal of providing litigants with their day in court[.]" 2019-NMCA-065, ¶ 20. The majority takes this statement to mean that the compliance standard in Subsection (E)(1) can be used to evaluate a dismissal under Subsection (E)(2). But *Rodarte* in no way indicates that this Court considered—much less

---

[1] I note as well that the majority opinion leaves unanswered why it believes the parties were not in compliance with "all significant dates in the scheduling order" in this case. There is no question that all of the deadlines had passed, but that does not establish that the parties had failed to comply with them. In fact, in every case, *all* of the deadlines in a scheduling order will pass along the way as a case proceeds toward trial. That fact has no correlation with compliance, and there is no indication in this record that Plaintiff otherwise failed to comply with the deadlines in the scheduling order. The only date at issue here is the trial date, and the record suggests that the trial date put forth in the amended scheduling order passed, at least in part, due to docket reassignment following the retirement of a district court judge, and not through the fault of Plaintiff.

approved—intermingling the standards for dismissal under the different subsections of the Rule. *See* 2019-NMCA-065, ¶ 19; *see also Sangre de Cristo Dev. Corp. v. City of Santa Fe*, 1972-NMSC-076, ¶ 23, 84 N.M. 343, 503 P.2d 323 ("The general rule is that cases are not authority for propositions not considered.").

**{16}** Finally, Plaintiff noted in his response to our calendaring notice that this Court had rendered the same disposition in a related case and was unlikely to depart from its proposed disposition here. I don't view Plaintiff's frank treatment of the circumstances presented as an impediment to this Court's de novo review of the district court's application of Rule 1-041(E)(2). For the reasons set forth above, I believe the dismissal in this case was improper and would reverse the district court and remand for reinstatement of Plaintiff's case on the merits.

**MEGAN P. DUFFY, Judge**