The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: February 28, 2025

**No. A-1-CA-40240**

**VALENE BELL,**

      Plaintiff-Appellant,

v.

**ALLSUP ENTERPRISES, INC. d/b/a**
**ALLSUP'S CONVENIENCE STORES, INC.;**
**ALLSUP'S CONVENIENCE STORES, INC.**
**d/b/a ALLSUP'S CONVENIENCE STORES;**
**LONNIE D. ALLSUP, Director & President;**
**and HOWARD BRISTER, local store manager,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Court Judge**

Cooper Appeals, P.L.L.C
Kirk Cooper
El Paso, TX

Lovett Law Firm
Robert Lovett
Jeffery W. McElroy
El Paso, TX

for Appellant

Lindsey Law Firm, L.L.C.

Daniel R. Lindsey

Clovis, NM

for Appellees

**OPINION**

**IVES, Judge.**

{1}     Plaintiff Valene Bell appeals the dismissal of her personal injury lawsuit against Defendants Allsup Enterprises, Inc., Allsup's Convenience Stores, Inc., Lonnie D. Allsup, and Howard Brister. The district court dismissed Plaintiff's complaint on its own motion pursuant to Rule 1-041(E)(2) NMRA. We hold that this was error because Rule 1-041(E)(2) does not authorize dismissal when, as in this case, a scheduling order has been entered. We therefore reverse and remand for reinstatement of Plaintiff's case.

**BACKGROUND**

{2}     This case began on July 21, 2016, when Plaintiff filed her complaint seeking damages to compensate her for personal injuries that she alleged she suffered after slipping and falling in a gas station and convenience store owned and operated by Defendants. In August of 2016, Plaintiff served Defendants with her complaint along with several interrogatories and requests for production. Defendants filed their answer to the complaint in October 2016, and later that year they issued interrogatories and requests for production, which Plaintiff responded to in December 2016. The record does not reveal whether further discovery occurred between December 2016 and the next entries on the district court's docket: a series of deposition notices filed in September, November, and December 2017.

**{3}** On April 3, 2018, Plaintiff requested a scheduling conference pursuant to Rule 1-016(B) NMRA, and, after holding a scheduling conference on May 14, 2018, the district court entered a scheduling order on June 4, 2018. The order set trial for March 2019 and imposed various pretrial deadlines, including completion of discovery by September 14, 2018.

**{4}** On September 11, 2018, Plaintiff filed an unopposed motion to extend the discovery deadline until December 31, 2018. In support of the motion, Plaintiff asserted that she needed more time to depose a physician who had treated her and who would testify as an expert witness. The district court granted the motion, extending the deadline to December 31, 2018.

**{5}** On December 21, 2018, Plaintiff moved to extend the discovery deadline for an additional two months, until February 28, 2019. Plaintiff asserted that her treating physicians were unwilling to testify as expert witnesses; that she had designated Dr. Jeffrey D. Reuben as her expert witness; that Dr. Rueben was in the process of reviewing Plaintiff's medical records and would then provide a report explaining his expert opinions; and that the requested extension would allow Plaintiff and Defendants to participate in a deposition of Dr. Reuben. Defendants opposed the motion but did not file a response. The district court did not rule on the motion.

**{6}** On February 4, 2019, Plaintiff filed an unopposed motion to continue the March 2019 trial for at least ninety days. Plaintiff repeated the argument she had

made in her motion to extend the discovery deadline, and she added that Dr. Reuben would not be available for deposition until March. Plaintiff stated that she would like to reschedule trial for a later date. On February 5, 2019, the district court entered an order granting the motion, vacating the March 2019 trial, and stating that the case "will be set on the docket on the next available trial date." No trial date was ever set.

{7} Over two years later, on February 25, 2021, the district court dismissed the case on its own motion. The court found that no action had been taken in the case since October 30, 2019, (a reference to docket entries regarding Plaintiff's substitution of counsel) and that there had been no compliance with Rule 1-041(E). The court stated that the matter should be dismissed without prejudice unless within thirty days "a party shall file a notice of intent to prosecute the matter to completion," in which case the order of dismissal would be stayed.

{8} Plaintiff moved to reinstate the case within thirty days. Plaintiff stated that "[t]o date" the parties had not requested a scheduling conference to obtain a new trial setting. In response, Defendants argued that Plaintiff failed to plead "any facts which would provide the court with good cause to excuse the extreme neglect to prosecute her case for over one year." The district court denied Plaintiff's motion and provided this rationale:

> Plaintiff has failed to plead good cause as is required by Rule 1-041(E)(2) for her failure to take action to prosecute her case essentially since May 2, 2018, when a scheduling conference was held. Additionally, during the May 2, 2018, scheduling conference, a trial

date of March 18th, 19th, and 20th, 2019 was set, but the trial setting was continued by Plaintiff. Now, more than two years after the trial date, no action has been taken to conclude this matter.

The court dismissed the case without prejudice.

{9}     Plaintiff sought relief from the judgment by filing a motion pursuant to Rule 1-060(B) NMRA. Plaintiff made the argument at the heart of this appeal: "[A] scheduling order was entered and active," as modified by the order continuing trial, and the district court therefore was not permitted to dismiss the case pursuant to Rule 1-041(E)(2). The parties made various other arguments not relevant to the dispositive issue on appeal. The district court denied the motion for relief and dismissed Plaintiff's case.

**DISCUSSION**

{10}     Plaintiff's appeal presents a purely legal question about how to interpret Rule 1-041(E)(2). Although the overarching standard of review for Rule 1-041(E) dismissals is abuse of discretion, an abuse of discretion occurs when a ruling is based on a misunderstanding of the law, *Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 11, 451 P.3d 105, and because the meaning of a rule of civil procedure is a legal question, our review here is exclusively de novo. *See N.M. Uninsured Emp.'s Fund v. Gallegos*, 2017-NMCA-044, ¶ 15, 395 P.3d 533. We interpret rules exactly as we do statutes; critically, when the plain meaning of the text is unambiguous, our interpretation begins there and ends there too. *See id.*

{11}    We perceive no ambiguity in the plain meaning of Rule 1-041(E)(2) with respect to the question before us: whether the district court—having entered a scheduling order—had the authority to dismiss Plaintiff's case pursuant to Rule 1-041(E)(2). The text of the rule tells us that the answer is no. The first phrase of the first sentence of Subsection (E)(2) makes clear that the subsection applies only if a pretrial scheduling order has *not* been entered:

> *Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA*, the court on its own motion or upon the motion of a party may dismiss without prejudice the action or any counterclaim, cross-claim or third party claim if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days.

(Emphasis added.) In this case, the district court erred by dismissing the case pursuant to Rule 1-041(E)(2) because it had previously entered a Rule 1-016 scheduling order.

{12}    We are not persuaded by Defendants' argument that precedent allows dismissal pursuant to Rule 1-041(E)(2) after entry of a scheduling order if a party has failed to comply with that order. Defendants do not explain how their position can be reconciled with the straightforward reading of the text of Rule 1-041(E)(2). Defendants rely exclusively on a brief passage in *Rodriguez*, 2019-NMCA-065, ¶ 22, about the relationship between scheduling orders and dismissals: "[f]rom [the entry of the scheduling order] forward, under both Rule 1-041(E)(1) and (E)(2), the district court was without discretion to dismiss Plaintiff's complaint unless it first

found that Plaintiff was not in compliance with the scheduling order." One problem with Defendants' reliance on this passage is that *Rodriguez* was an "appeal from a dismissal under Rule 1-041(E)(1)," *Rodriguez*, 2019-NMCA-065, ¶ 11—not Rule 1-041(E)(2)—and *Rodriguez* is therefore not authority on the question presented in this appeal. *See Maralex Res., Inc. v. Gilbreath*, 2003-NMSC-023, ¶ 21, 134 N.M. 308, 76 P.3d 626 ("[C]ases are not authority for propositions not considered."). To the extent that the quoted passage addresses the meaning of Subsection (E)(2), it is dicta. And, in any event, we do not interpret the passage in the same way Defendants do. We decline to accept their interpretation because, as we have explained, it is contrary to the plain meaning of Rule 1-041(E)(2). We instead interpret the passage in a manner consistent with the plain meaning—that is, after the district court in *Rodriguez* entered a scheduling order, neither Subsection (E)(1) nor Subsection (E)(2) granted the court the authority to do what it did: dismiss the case without a showing of noncompliance with the scheduling order.

{13}     *Rodriguez* underscores the important point that Rule 1-041(E) does provide a tool for dismissing a case after a scheduling order has been entered. That tool is Subsection (E)(1), but it was not used in this case. Subsection (E)(1) applies to cases with and without scheduling orders, and it permits dismissal only if the nonmoving party "has failed to take any significant action to bring [their] claim to trial or other final disposition within two (2) years from the filing of such action or claim." In

6

cases with scheduling orders, an additional requirement must be met before a case may be dismissed. As this Court recognized in *Rodriguez*, the plain language of Subsection (E)(1) "prohibits a district court from dismissing a party's action or claim on an opposing party's motion to dismiss for failure to prosecute if the party opposing dismissal is in compliance with an order entered under Rule 1-016." *Rodriguez*, 2019-NMCA-065, ¶ 13; *see also* Rule 1-041(E)(1) ("An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016."). In the case before us, the district court did not rely on Subsection (E)(1).[1]

{14} The scheduling order remained in effect at the time of the dismissal and therefore barred dismissal under Subsection (E)(2), contrary to the final argument made by Defendants. Defendants argue that the scheduling order had somehow expired because of the amount of time that passed between the entry of that order and the entry of the order of dismissal. In support of this argument, Defendants do not cite any precedent or any language in the Rules of Civil Procedure.[2] We reject

---

[1]Even if the district court had invoked Subsection (E)(1), that subsection does not authorize the procedure that was used to dismiss Plaintiff's case. Unlike Subsection (E)(2), Subsection (E)(1) does not allow a district court to act on its own motion; it only allows dismissal after a party files a motion. *Compare* Rule 1-041(E)(2) (allowing a district court to dismiss "on its own motion" or "upon the motion of a party"), *with* Rule 1-041(E)(1) (allowing "[a]ny party" to "move to dismiss").

[2]Defendants cite only this Court's summary calendar memorandum opinion in *Del Curto v. Deschamps*, A-1-CA-39314, mem. op. (N.M. Ct. App. Dec. 30,

Defendants' argument because it is contrary to Rule 1-016(E), which states that a scheduling order "shall control the subsequent course of the action unless modified by a subsequent order." In this case, the district court entered two orders that modified the scheduling order—an order extending the discovery deadline and an order continuing the trial setting—and under Rule 1-016(E) the scheduling order remained in effect, as modified, and continued to control the course of the litigation. The scheduling order controlled the course of the litigation because it included the deadlines that would have been used to determine compliance with the scheduling order if Defendants had moved to dismiss pursuant to Rule 1-041(E)(1) or if either party had moved for sanctions pursuant to Rule 1-016(F). The scheduling order also controlled the course of the litigation by barring the district court from dismissing Plaintiff's case pursuant to Rule 1-041(E)(2).

2021) (nonprecedential). *Del Curto* is not precedent. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶¶ 23-25, 124 N.M. 754, 955 P.2d 683 (reiterating that memorandum opinions are not precedent and urging caution in relying on summary calendar memorandum opinions). And we are not persuaded by Defendants' argument that we should rely on it to affirm the district court. In *Del Curto*, A-1-CA-39314, mem. op. ¶¶ 2-4, this Court issued a summary calendar notice proposing to affirm the dismissal of the plaintiff's case, and although the plaintiff filed a memorandum in opposition, the plaintiff did not brief the issues presented to us in that appeal, and this Court therefore concluded that any argument about those issues had been abandoned. In contrast, in this appeal, both Plaintiff and Defendants have briefed those issues, and we have analyzed those issues and reached our holding with the benefit of full briefing.

**CONCLUSION**

{15}     We reverse the dismissal of Plaintiff's claims and remand this case to the district court for further proceedings consistent with this opinion.

{16}     **IT IS SO ORDERED.**


_____
**ZACHARY A. IVES, Judge**

**WE CONCUR:**


_____
**JACQUELINE R. MEDINA, Judge**


_____
**SHAMMARA H. HENDERSON, Judge**

9