672 P.2d 295

Jennie S. MORA, natural guardian and next friend of Michael Mora, a minor child, Plaintiffs-Appellees,

v.

Leo S. HUNICK, d/b/a Hunick Enterprises and Hunick Builders, Defendant-Appellant.

No. 6096.

Court of Appeals of New Mexico.

Oct. 25, 1983.

Michael E. Vigil, Charles G. Berry, Marchiondo & Berry, P.A., Albuquerque, for defendant-appellant.

Kevin M. Brown, Shwartz & Loughren, P.A., Albuquerque, for plaintiffs-appellees.

OPINION

HENDLEY, Judge.

Defendant appeals an adverse judgment in favor of plaintiffs for damages arising out of an action for personal injuries as a result of an attractive nuisance. Defendant's sole issue on appeal is that the trial court did not have jurisdiction to decide the case.

We affirm.

Plaintiffs' complaint was filed on April 10, 1978. Defendant was served on October 17, 1978, and answered on June 21, 1979, following plaintiffs' motion for default judgment. On July 22, 1980, the complaint was dismissed sua sponte for lack of prosecution. Plaintiffs moved to reinstate the case on August 21, 1980, and that motion was granted on September 5, 1980.

On December 21, 1981, the case was again dismissed sua sponte for failure to prosecute. On January 8, 1982, plaintiffs moved to reinstate the case and the motion was granted on February 10, 1982.

Before testimony began at the trial on October 15, 1982, defendant orally objected

to the propriety of the second reinstatement. At the conclusion of the trial, the court ruled that it had jurisdiction over the parties and subject matter.

Defendant contends that the trial court should not have rejected his Requested Findings of Fact Nos. 1, 2, and 3, and his Conclusion of Law No. 1, which state:

## FINDINGS OF FACT

1. That the complaint herein was filed on April 10, 1978. That the complaint herein was dismissed for lack of prosecution on July 22, 1980, but pursuant to motion of the plaintiff filed August 21, 1980, an order reinstating the cause upon the docket was filed September 5, 1980.

2. That the complaint herein was again dismissed on December 21, 1981, for lack of prosecution.

3. That the complaint herein was reinstated by order of the Court on February 10, 1982, pursuant to a motion of the plaintiff filed January 8, 1982, more than three years from the date of the filing of the complaint herein.

\*      \*      \*      \*      \*      \*

## CONCLUSIONS OF LAW

1. It appearing that the complaint herein was dismissed on two occasions for failure to prosecute and that the cause was reinstated upon the docket the second time more than three years following the date of filing of the complaint, said order of reinstatement was in violation of Rule 41(e) of the New Mexico Rules of Civil Procedure and by reason thereof, the complaint herein should be dismissed with prejudice.

*Rejecting Defendant's Findings of Fact and Conclusions of Law*

NMSA 1978, Civ.P.R. 41(e) (Repl.Pamp. 1980) states:

**(e) Dismissal of action with prejudice.**

(1) In any civil action or proceeding pending in any district court in this state, including actions in which a jury trial has been demanded, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond three years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice.

(2) The filing of the motion for dismissal above provided for shall be taken and held as a special appearance by the party so filing same and shall not be taken to be an entry of appearance in said action or proceeding to confer upon the court jurisdiction other than to act upon said motion.

■ Application of Rule 41(e) must be preceded by defendant's motion and a hearing. *State ex rel. Reynolds v. Molybdenum Corp. of Amer.,* 83 N.M. 690, 496 P.2d 1086 (1972). There is nothing in the record to show that defendant made a Rule 41(e) motion prior to trial. Defendant's oral motion, made more than three years after the complaint was filed, but after plaintiffs had brought the case to trial, was untimely. Denial of defendant's oral motion made at the outset of trial was proper. *Beyer v. Montoya,* 75 N.M. 228, 402 P.2d 960 (1965).

The trial court did not err in rejecting defendant's findings of fact and conclusions of law.

*Jurisdiction to Reinstate*

■ Defendant did not raise the jurisdictional issue in the trial court. However, a party may raise the issue of subject matter jurisdiction for the first time on appeal. NMSA 1978, Civ.P.R. 12(h)(3) (Repl.Pamp. 1980); *Mundy & Mundy, Inc. v. Adams,* 93 N.M. 534, 602 P.2d 1021 (1979).

Defendant bases his jurisdictional argument on *King v. Lujan,* 98 N.M. 179, 646 P.2d 1243 (1982). He argues that *King* controls to mandate that the trial court had lost subject matter jurisdiction when it entered its second order after the three-year statute of limitations for tort actions had run. We disagree.

In *King,* the defendant appealed from a judgment based on a contract. Plaintiffs had filed suit on November 17, 1971, after defendant had failed to make payment. The trial court entered an order waiving the three-year rule under Civ.P.R. 41(e) on August 5, 1974. The trial court subsequently dismissed the case sua sponte for lack of prosecution pursuant to Civ.P.R. 41(b) on July 8, 1975. An August 17, 1979, order reinstated the suit. Defendant's subsequent motion to dismiss was denied. The New Mexico Supreme Court reversed and ordered the trial court to dismiss the case with prejudice because the statute of limitations had not been tolled by the filing of the complaint which was later dismissed without prejudice for lack of prosecution.

There was a six-year statute of limitations in *King. See* NMSA 1978, § 37–1–3(A). Although ordinarily the filing of the complaint on November 17, 1971, would have tolled this statute, the court ruled that the subsequent dismissal without prejudice for failure to prosecute nullified the filing of the complaint. Four years after dismissal, when the court reinstated the suit, the statute of limitations had run.

■ Although defendant's statement of proceedings states that the two dismissal orders were pursuant to Rule 41(b), neither the orders nor the reinstatements reflect that assertion. The orders appear to be printed forms which are used at the initiation of a docket control clerk. The dismissal order in *King* was pursuant to Rule 41(b). This is not so in the instant case. Since the trial court did not state by what authority it was dismissing the case, we will assume it was doing so pursuant to its inherent authority. *See Martin v. Leonard Motor-El Paso,* 75 N.M. 219, 402 P.2d 954 (1965). A court does have inherent authority, apart

from Rule 41(b), to dismiss a case for lack of prosecution. *Smith v. Walcott,* 85 N.M. 351, 512 P.2d 679 (1973). Such an order is final and effectively terminates the case unless the case is "properly reinstated." *Martin v. Leonard Motor-El Paso.*

*Martin* is instructive as to when a case is "properly reinstated." In *Martin,* a complaint was filed on June 7, 1961, and was dismissed without prejudice for lack of prosecution on August 21, 1963. Subsequently, on November 5, 1963, the complaint was reinstated.

On appeal, one of defendant's arguments was that the court was without jurisdiction to reinstate the case. The *Martin* court stated:

> The August 21, 1963 dismissal was no doubt under the court's inherent power, *City of Roswell v. Holmes,* 44 N.M. 1, 96 P.2d 701, and was unquestionably a final judgment. Nevertheless, courts are authorized by Rule 60(b) (§ 21–1–1(60)(b), N.M.S.A.1953) to relieve a party from any final judgment for good cause shown. We realize that Rule 60(b) provides that the relief therein provided may be granted "on motion * * *" and that no motion was filed in this case. However, the judge can initiate relief from a judgment or order under Rule 60(b) on his own motion, *McDowell v. Celebrezze* (C.C.A. 5, 1962), 310 F.2d 43, and, since the obvious purpose of the motion is to direct the court's attention to the necessity for relief, the rule does not deprive the court of the power to act in the interest of justice when attention has been called to the need by means other than a motion. *United States v. Jacobs* (C.C.A. 4, 1961), 298 F.2d 469. See 7 Moore on Federal Practice (2nd Ed.) § 60.28(3), and authorities cited under note 6.

■ In this case, the first order of reinstatement was made approximately six weeks after the case was dismissed sua sponte. The second order of reinstatement was made approximately seven weeks after the dismissal order was entered. Both of these reinstatement orders are within the one-year time period allowed for Rule

60(b)(1) motions. *See Barker v. Barker*, 94 N.M. 162, 608 P.2d 138 (1980). In *King*, on the contrary, the reinstatement was made more than four years after the dismissal (July 8, 1975, dismissal to August 17, 1979, reinstatement). Therefore, the holding in *King*, that the trial court was without "jurisdiction" to reinstate, goes to the four-year gap between orders which made Rule 60(b)(1) power impossible.

We hold that the trial court had the authority to set aside the orders of dismissal and reinstate the case. It was not deprived of subject matter jurisdiction to decide the case.

Affirmed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.