698 P.2d 453

**Jaime HOWELL, Plaintiff-Appellant,**

v.

**Toney ANAYA, et al.,
Defendants-Appellees.**

**No. 7907.**

Court of Appeals of New Mexico.

Feb. 26, 1985.

Certiorari Denied April 10, 1985.

Antonio V. Silva, Rallis, Silva & Silva, P.C., El Paso, for plaintiff-appellant.

Barbara Albin, Margaret E. Davidson, Keleher & McLeod, P.A., Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

The complaint seeking damages was filed May 29, 1980. The trial court dismissed the complaint with prejudice on April 12, 1984. The dismissal was pursuant to NMSA 1978, Civ.P. Rule 41(e) (Repl.Pamp. 1980), and not pursuant to the trial court's "inherent power to dismiss a cause for failure of prosecution." *Smith v. Walcott*, 85 N.M. 351, 354, 512 P.2d 679 (1973); *see also Mora v. Hunick*, 100 N.M. 466, 672 P.2d 295 (Ct.App.1983). Plaintiff's appeal challenges the propriety of the Rule 41(e) dismissal. We discuss (1) the applicable law; (2) prejudice; (3) excuse; and (4) failure to take action.

## APPLICABLE LAW

Rule 41(e) authorizes a dismissal with prejudice "when it shall be made to appear to the court that the plaintiff ... has failed to take any action to bring such action ... to its final determination for a period of at least three years after the filing of said action * * *." This does not mean that a case must be tried within the three-year period, but only that action be taken to bring the case to its final determination within that period. *Briesmeister v. Medina*, 76 N.M. 606, 417 P.2d 208 (1966).

*State ex rel. Reynolds v. Molybdenum Corp. of America*, 83 N.M. 690, 496 P.2d 1086 (1972), reviewed numerous technical interpretations of Rule 41(e) and held:

(a) The rule contemplates a hearing on a motion to dismiss at which the parties may present evidence.

(b) The trial court should determine, upon the basis of the court record and the matters presented at the hearing, whether * * * action has been timely taken by the plaintiff * * and, if not, whether he has been excusably prevented from taking such action. In making this determination, the discretion of the trial court will be upheld on appeal except for a clear abuse thereof.

83 N.M. at 697, 496 P.2d 1086.

(c) All prior decisions "insofar as they are inconsistent with our holding and our statements herein as to what is contemplated by Rule 41(e)" are overruled. 83 N.M. at 697, 496 P.2d 1086.

*Reynolds* states that the trial court's ruling on a Rule 41(e) motion will be upheld except for a clear abuse of discretion. This court followed *Reynolds* and extended it in one aspect in *Sewell v. Wilson*, 97 N.M. 523, 641 P.2d 1070 (Ct.App.1982).

We have pointed out that a decision on a Rule 41(e) motion is to be based on the court record and matters presented at the hearing. What matters may be presented at the hearing? *Reynolds* indicates

all written and oral communications between the court and counsel for plaintiff evidencing diligence, including actual promises and settings made by the court, unless a record thereof was made and placed in the court file; actual hearings by the court on motions, etc., unless a record thereof was made and placed in the court file; negotiations and other actions between counsel for the parties looking toward the early conclusion of the case, unless a record thereof was made and placed in the court file; all discovery proceedings by way of depositions on oral examination or written interrogatories, discovery and production of documents and things, mental or physical examinations of persons, and requests for admission of facts and genuineness of documents, unless a record thereof was made and placed in the court file; and the many other matters which arise and the actions which are taken by

counsel in concluding litigation, unless a record thereof was made and placed in the court file.

83 N.M. at 694–95, 496 P.2d 1086. *Sewell* held that the trial court "may, in its discretion, consider as timely, activities occurring between the filing of the motion and the hearing on it." 97 N.M. at 530, 641 P.2d 1070 (citations omitted).

## PREJUDICE

*Reynolds* held there were two matters to be considered in deciding a Rule 41(e) motion. The two matters are "action * * * timely taken" and whether the party moved against was "excusably prevented from taking * * * action." 83 N.M. at 697, 496 P.2d 1086.

■ Plaintiff's brief asserts that "prejudice" is a third matter to be considered. We disagree. In the trial court, defendants' counsel did argue prejudice as an independent matter. The trial court informed counsel of its decision by letter and incorporated that letter in its order dismissing the complaint with prejudice. The letter referred to facts indicative of prejudice, but this reference lacks support in the evidence because the affidavit supporting those facts was stricken. The decision, both in the letter and the order, was based on a failure to take timely action. Thus, the existence or nonexistence of prejudice to defendants is not an issue in this appeal.

Plaintiff's understanding that prejudice is a discrete matter to be considered is based on a misreading of *Sewell*. The claims of prejudice to the defendant in *Sewell* were discussed in deciding whether Sewell had taken timely action. *Sewell* did not hold that prejudice was a discrete matter to be considered; we hold that it is not a discrete matter. The matters to be considered are those stated in *Reynolds*.

## EXCUSE

In the trial court plaintiff presented testimony concerning a class action in federal court and at least an inference that plaintiff was a party to the federal suit. The testimony was presented on the basis that the issue in this case, negligent mainte-nance of the building where plaintiff fell, was one of the issues in the federal suit. Plaintiff's argument in the trial court was that the preparation for and trial of the federal suit excusably prevented plaintiff from taking timely action in this case. Plaintiff also argued, in the trial court, that the trial court was required under the doctrine of collateral estoppel to give effect to the federal judgment. Plaintiff's appellate brief, indirectly, renews these contentions.

■ The testimony indicates that the federal court judgment was favorable to the plaintiff in this suit, and there is direct testimony that the federal court's findings, conclusions and judgment were filed in April 1983. However, no documents from the federal suit were introduced, or even offered, in evidence. All we know about the result in the federal suit comes from general testimony of a witness for plaintiff. The record in this case is insufficient to determine what issues were actually and necessarily determined in the federal litigation. There is no basis for applying the doctrine of collateral estoppel. *See Edwards v. First Federal Savings & Loan*, 696 P.2d 484 (Ct.App.1985).

■ The testimony does not show how the preparation and trial of the federal suit prevented plaintiff from taking timely action in this case. At most, the testimony shows that certain activity in this suit was delayed until the federal suit was decided. Such does not show an excuse as a matter of law. To the extent plaintiff is contending the trial court erred in failing to rule that plaintiff was excused from proceeding in this case, there was no abuse of discretion by the trial court.

## FAILURE TO TAKE ACTION

The trial court dismissed the complaint on the basis that plaintiff had failed to take timely action to bring the case to a final determination. Its letter decision, which was incorporated into its order of dismissal, relied on *Sewell* as authority for the dismissal. We disagree with the trial court's appraisal of *Sewell* inasmuch as

*Sewell* followed *Reynolds.* We have previously quoted from *Reynolds* as to the items to be considered. We have also pointed out that *Sewell* permits consideration of action taken between the filing of the motion to dismiss and the hearing on that motion.

The district court file and the transcript of the hearing show the following items.

### A. Motions and Hearings Going to Parties and Issues

The complaint, filed May 29, 1980, is to the effect that plaintiff was an inmate at the Radium Springs Correctional Facility; that plaintiff attempted to fix an air conditioner located in the attic of the facility; that she "fell through the attic" receiving injuries in the fall and was also damaged by the denial of medical treatment and the provision of inadequate medical treatment. The complaint named as defendants persons holding official positions in state government, but is ambiguous as to whether defendants were sued as individuals as well as on the basis of their official positions. The complaint lists several theories of relief; it also claims damages for items separate from physical injury and improper medical care. For example, plaintiff claims damages for loss of "good time" and loss of a "work-release" job.

Defendants moved to dismiss the complaint. This is shown by a letter decision of Judge Galvan dated November 24, 1980, and an "amended order" filed on December 10, 1980, dismissing claims against defendants in their individual capacities. This "amended order" denies the motion to dismiss the claim of negligent maintenance of the building. As a result of this order, the suit was under the Tort Claims Act. *See* NMSA 1978, § 41-4-6 (Repl.Pamp.1982). Defendants filed an answer and counterclaim on December 30, 1980.

On February 4, 1981, plaintiff moved for reconsideration of the order of December 10, 1980, and moved to dismiss defendants' counterclaim. On March 5, 1981, plaintiff moved to strike defendants' affirmative defenses. The trial court denied the motion to reconsider and the motion to dismiss. It granted the motion to strike in part by striking the alleged affirmative defenses of contributory negligence and assumption of risk. We are uncertain whether there was a hearing or whether the motions were determined through some other procedure. There was a letter decision by Judge Galvan on March 19, 1981. The order shows it was signed by Judge Galvan on August 4, 1981, yet the order has a stamped filing date of July 23, 1981.

On November 1, 1982, plaintiff moved for correction of the order of December 10, 1980. This motion was denied, March 23, 1983.

An order was filed June 8, 1983. It recites there was a hearing on defendants' motions for summary judgment on April 26, 1983. The order denied the motions for summary judgment. This order also substituted current office holders as defendants in place of the prior office holders.

### B. Discovery

#### 1. Depositions

The parties agreed at the hearing on the motion to dismiss that three depositions had been taken. Defendants took two of them, the deposition of plaintiff and of a physician. Plaintiff took the deposition of Cecilia Quiones, identified as a guard at the Radium Springs facility. According to defendants, these depositions were taken in the fall of 1981. There is testimony that depositions were taken in the federal case that went to the question of negligent maintenance. Because we do not know who took the depositions, or when, we do not consider the federal suit depositions qua depositions. We do, however, consider the uncontradicted testimony that plaintiff, whether or not mistaken, was of the view that depositions in the federal suit, going to the issue of negligent maintenance, would be used in this suit.

#### 2. Request for Production

Plaintiff requested production (presumably of documents) in November 1981. De-

fendants stated they responded to the request in December 1981.

### 3. Interrogatories

Plaintiff filed answers to defendants' interrogatories in June 1981.

Plaintiff submitted interrogatories to defendants in September 1982. Defendants filed objections on September 30, 1982. Plaintiff filed a motion to compel answers from defendants on October 6, 1982. A hearing was held. The trial court's order of November 15, 1982, provided that certain interrogatories need not be answered; that certain others be stricken; that certain others, after being limited to a specific time frame, be answered. Defendants' answers to the interrogatories were filed in October and December 1983. Defendants emphasize their delay in answering by arguing that plaintiff made no effort to compel earlier answers. The uncontradicted testimony is that counsel agreed "to hold up" the answers pending the outcome of the federal suit.

Supplemental interrogatories were addressed to plaintiff in January 1983 and answered in February 1983. Plaintiff also responded to a request for production of documents in February 1983.

### C. Negotiations

After the federal suit was concluded there were settlement discussions. The testimony indicates an attorney for defendants invited a settlement offer from plaintiff, that an offer was made and the offer was rejected. There is also testimony that in-house counsel for one of the defendants suggested settlement discussions. One or another of these attorneys broke off settlement discussions until the motion to dismiss was decided.

### D. Activity From Filing of the Motion to Dismiss Until It Was Heard

Defendants moved to dismiss on June 14, 1983. There was no contemporaneous request for a hearing on this motion. Most of the settlement discussions occurred after the motion was filed. Defendants filed

their answers to interrogatories in October and December 1983. A copy of the December answers were mailed to plaintiff on December 8, 1983. Plaintiff requested a trial setting on December 9, 1983. A firm trial date was set on January 9, 1984. The setting was for November 13, 1984. Defendants requested a hearing on their motion to dismiss on February 3, 1984. The hearing was set for March 1, 1984; the hearing was held on or near that date.

There was activity toward clarifying the issues and parties until the summer of 1981, followed by discovery in the fall of that year. Throughout, plaintiff promptly responded to defendants' interrogatories and requests for production. Discovery in the federal case occurred not later than 1982, because that case was tried in 1982. Plaintiff, possibly mistakenly, thought a portion of the federal discovery applied to this case. There was renewed discovery by plaintiff in this case through interrogatories in 1982, which was delayed by agreement of counsel until the federal suit was concluded. After the federal suit was concluded there were settlement negotiations. This was action directed toward bringing the case to its final determination.

This action is not to be distorted by a motion to dismiss that was not brought to the attention of the trial court. Once defendants finally answered the interrogatories, plaintiff immediately moved for a trial setting. Only after the case had been set for trial did defendants ask for a hearing on their motion to dismiss. Only after the request for hearing did defendants break off negotiations. All activity prior to the time defendants requested a hearing on their motion to dismiss was timely; otherwise, the narrow, technical views of Rule 41(e), rejected in *Reynolds*, would be reinstated.

■ The trial court's dismissal under Rule 41(e) was an abuse of discretion, *Reynolds*, because the dismissal exceeded the bounds of reasons considering all the circumstances before the trial court, *Sewell*.

The order dismissing the complaint under Rule 41(e) is reversed. The case is remanded with instructions that it be reinstated on the docket. There being no contention that the Tort Claims Act or that any other statute or rule prohibits the award of costs, *see New Mexico Bureau of Revenue v. Western Electric Co.*, 89 N.M. 468, 553 P.2d 1275 (1976), plaintiff shall recover her appellate costs from defendants. NMSA 1978, Civ.App.R. 27(a) (Repl.Pamp.1984).

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.