**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2021-NMCA-008

Filing Date: November 23, 2020

No. A-1-CA-37466

DIRECTOR OF THE LABOR
RELATIONS DIVISION OF THE
NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS on
behalf of CLAIMANTS LINDA
ELLIOTT, MARY ANN DIETZ, and
KAREN WELLS,

       Plaintiffs-Appellees,

v.

NEW MEXICO LEISURE INC. /
TEXAS LEISURE d/b/a COMFORT
INN & SUITES,

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Certiorari Denied, March 24, 2021, S-1-SC-38620. Released for Publication May 4, 2021.

Hector H. Balderas, Attorney General
Amye Green, Assistant Attorney General
Joseph Dworak, Assistant Attorney General
Santa Fe, NM

for Appellees

Steven K. Sanders & Associates, L.L.C.
Steven K. Sanders
Albuquerque, NM

for Appellant

**OPINION**

**YOHALEM, Judge.**

**{1}**     Defendant New Mexico Leisure, Inc. (NM Leisure) appeals from the district court's dismissal with prejudice of its trial de novo appeal from the magistrate court, pursuant to Rule 1-041(E)(1) NMRA. NM Leisure raises two issues on appeal: (1) the district court erred in assigning to NM Leisure, the appellant in a trial de novo appeal, the primary responsibility to take action to bring its appeal to trial or other final disposition pursuant to Rule 1-041(E)(1); (2) the district court abused its discretion under the circumstances of this case in holding that NM Leisure failed to take significant action, without justification or excuse, for more than a two-year period, and in dismissing on that basis. Concluding that NM Leisure bears the primary responsibility to bring a trial de novo appeal from a magistrate court to final disposition in district court, and that the district court's dismissal for failure to prosecute was a proper exercise of the court's discretion, we affirm.

## BACKGROUND

### The Magistrate Court Proceedings

**{2}**     This case arose out of claims by three former employees of NM Leisure for payment of wages due upon discharge from their employment, pursuant to NMSA 1978, Section 50-4-2 (2005). The Director of the Labor Relations Division of the Department of Workforce Solutions (the Director) filed this action in the magistrate court on behalf of the three employees. *See* NMSA 1978, § 50-4-8(A) (1983) (authorizing the director to pursue claims of unpaid wages on behalf of affected employees). The magistrate court tried the cases and entered judgments against NM Leisure for wages and other compensation due each employee, together with post-judgment interest. The judgments provided NM Leisure notice of its right to appeal to the district court within fifteen days and of the requirement to set an appeal bond pursuant to Rule 2-705(A), (G) NMRA as a condition for staying enforcement of the judgments pending appeal.

### The District Court Proceedings

**{3}**     NM Leisure timely filed a notice of appeal to the district court. Initially, the case proceeded without delay. Six months after the appeal was filed, a proposed joint Rule 1-016(B) NMRA scheduling order was submitted by the parties for the district court's approval. Shortly thereafter, the Director filed a motion to amend the complaint, to which NM Leisure timely responded. The parties filed a stipulated request for a continuance of the hearing on the motion to amend in November 2012 on the grounds that the parties were discussing settlement. Following the grant of that continuance by the court, the case languished. There was no activity for four years. The district court did not enter the scheduling order. Counsel for NM Leisure admitted that he took no action to bring the proposed Rule 1-016(B) scheduling order to the court's attention during this four-year period.

**{4}** Four years after the last activity in the case, the Attorney General's Office filed notice of substitution of counsel and requested a status conference and a hearing on the Director's pending motion to amend the complaint. The Director also filed a motion to enforce the judgments of the magistrate court or, in the alternative, to require NM Leisure to post a supersedeas bond. The motion informed the court that NM Leisure had neither paid the judgments nor posted the bond required to stay the judgments in the more than six years the appeal had been pending.

**{5}** The hearing and status conference were held on August 3, 2017. The original district court judge had retired in 2013, during the four-year period of inactivity, and his successor presided. The court expressed concern about the age of the case, ordered the parties to prepare and submit a proposed joint scheduling order within fifteen days, and announced that it would schedule a trial date upon receipt of the proposed scheduling order. The court granted the Director's motion to amend the complaint. The Director's motion to enforce the judgments or, in the alternative, to require posting of bond was set for a later hearing.

**{6}** Following the hearing, counsel for the Director attempted to contact counsel for NM Leisure to prepare the proposed joint scheduling order requested by the district court. NM Leisure's counsel did not respond to several emails. After waiting a few days, the Director filed a motion to dismiss NM Leisure's appeal for failure to prosecute, pursuant to Rule 1-041(E)(1). The motion reviewed the history of the proceedings, pointing to the more than six years that had passed since the filing of NM Leisure's appeal, the lack of any effort by NM Leisure during the previous five years to bring the case to trial, and the failure of NM Leisure to post bond or pay the judgments, as required by court rules. The motion informed the district court that counsel for NM Leisure was not cooperating with preparation of the proposed joint scheduling order requested by the district court. Several days later, on the last day of the fifteen-day period set by the district court, the Director submitted his proposed scheduling order without NM Leisure's participation or approval.

**{7}** At a hearing on August 23, 2017, NM Leisure's counsel addressed his failure to participate in the submission of the proposed scheduling order, explaining that he was in court on other proceedings and that his mother was ill, and requested leave of the district court to submit a proposed scheduling order. The district court agreed to allow NM Leisure to submit its proposed scheduling order by August 28, 2017, and indicated that the court would enter a Rule 1-016(B) order when it received the proposed order. NM Leisure's counsel assured the district court it would timely file the proposed scheduling order. NM Leisure failed to file a proposed scheduling order on August 28, 2017, as promised, or at any time thereafter.

**{8}** NM Leisure filed its response to the Director's motion to dismiss for lack of prosecution after belatedly seeking an extension of time to do so. In its response, NM Leisure contended that it was the responsibility of the Attorney General's Office, as counsel for the plaintiff in a trial de novo appeal, to actively pursue the appeal to disposition. Arguing that the plaintiff in the magistrate court remained the "claimant" on

appeal for purposes of Rule 1-041(E)(1), NM Leisure denied any responsibility for the more than six-year delay. NM Leisure argued, in the alternative, that it was not solely at fault, claiming that the delay in concluding the case was excused by the retirement of the original judge, three substitutions of counsel by the Attorney General's Office, and the failure of the Attorney General's Office to obtain a prompt ruling on the Director's motion to amend the complaint. Finally, NM Leisure suggested it would now be willing to accept the terms of the Director's recently filed proposed scheduling order.

**{9}** The district court scheduled a hearing on the Director's motion to dismiss approximately eight months after the filing of NM Leisure's response to the motion to dismiss. During this eight-month period, NM Leisure filed one motion: an unopposed motion to dismiss an individual mistakenly named as a defendant in the magistrate court, but took no other action. Also during this period, NM Leisure did not ask the court to enter a scheduling order or to set a trial date.

**{10}** At the hearing on the motion to dismiss, counsel for NM Leisure argued that the burden of bringing the case to conclusion was on the Director, as the plaintiff in the magistrate court; claimed credit for the activity by the Director just prior to the filing of the Director's motion to dismiss; claimed that NM Leisure's activity during the pendency of the motion to dismiss was sufficient activity to satisfy Rule 1-041(E)(1); asked the district court to enter the Director's proposed scheduling order submitted in August 2017; and suggested that although settlement discussions had not been productive, a mediation should be scheduled in the future.

**{11}** At the conclusion of the hearing, the district court granted the Director's motion to dismiss the appeal. NM Leisure appealed to this Court.

## DISCUSSION

**{12}** We are asked to address two questions: (1) in an appeal from the magistrate court to district court, which party has the primary duty pursuant to Rule 1-041(E)(1) to bring the case to trial or other final disposition; and (2) assuming that duty is the appellant's (as we hold), did the district court abuse its discretion in dismissing NM Leisure's appeal pursuant to Rule 1-041(E)(1) for insufficient activity to bring the appeal to final disposition?

**{13}** Rule 1-041(E)(1) is central to both questions. It provides as follows:

> Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim. An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 . . . or with any written stipulation approved by the court.

**{14}** We address each question in turn.

## I. The Appellant Has the Duty to Bring an Appeal From the Magistrate Court to Final Disposition

**{15}** NM Leisure argues that the Director, the prevailing party in the magistrate court, is the "the party asserting the claim" in the district court, and that, therefore, it is the responsibility of the Director to take "significant action to bring such claim to trial or other final disposition within two (2) years," as provided by Rule 1-041(E)(1). NM Leisure contends as well, that the appropriate remedy for the failure of the Director to timely prosecute this action is dismissal of the magistrate court action. We disagree with both contentions.

### A. The Standard of Review

**{16}** Our analysis requires us to construe Rule 1-041 together with the statutes and rules governing appeals from the magistrate court to the district court. *See State v. Smith*, 2004-NMSC-032, ¶ 13, 136 N.M. 372, 98 P.3d 1022 (noting that statutes are to be construed in harmony to give effect to each, if possible). We interpret legislative enactments and our Supreme Court's rules of procedure by seeking to determine the underlying intent of the enacting authority. *See Roark v. Farmers Grp., Inc.*, 2007-NMCA-074, ¶ 50, 142 N.M. 59, 162 P.3d 896 ("We apply the same rules to the construction of Supreme Court rules of procedure as we apply to statutes." (internal quotation marks and citation omitted)).

**{17}** "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "In doing so, we examine the plain language of the statute as well as the context in which it was promulgated, including the history of the statute and the object and purpose the Legislature sought to accomplish." *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868 (internal quotation marks and citation omitted). We take care to avoid an absurd or unreasonable result. *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801. We construe statutes and rules addressing the same or related subject matter together. *See H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2008-NMCA-013, ¶ 10, 143 N.M. 404, 176 P.3d 1136. Finally, "[o]ur review is de novo because the interpretation of [statutes and] rules is a question of law." *Id.* ¶ 5.

### B. The Appellant Is the "Party Asserting the Claim"

**{18}** NM Leisure's argument requires us to examine the meaning of the phrase "the party asserting the claim" as it is used by our Supreme Court in Rule 1-041(E)(1). We often use dictionary definitions for guidance when determining "the plain meaning of the words at issue[.]" *Griego v. Oliver*, 2014-NMSC-003, ¶ 21, 316 P.3d 865 (internal quotation marks and citation omitted). The term "claim" is defined as "[a] demand for money, property, or a *legal remedy* to which one asserts a right." *Claim, Black's Law Dictionary* (11th ed. 2019) (emphasis added). The party making the demand is the

"claimant." *Claimant*, *Black's Law Dictionary* (11th ed. 2019). The dictionary definition does not limit the term "claimant" to the plaintiff; any party making a demand for a legal remedy is a "claimant."

**{19}** Likewise, Rule 1-041(E)(1) recognizes that a "claim" can be asserted by any party, not only by the plaintiff or petitioner. The Rule specifically mentions counterclaims, cross-claims, and third-party claims and places the responsibility to take action to bring these claims to conclusion on "the party asserting the claim." *Id.* The remedy specified by the Rule is dismissal of the action (if the plaintiff or petitioner has failed to prosecute), or dismissal of the counterclaim, cross-claim, third-party claim, or other claim, if that claim has not been timely prosecuted.

**{20}** In applying Rule 1-041(E)(1) to an appeal from the magistrate court, we look to the purpose of the rule. This Court has held that the purpose of Rule 1-041(E) is to "ensur[e] that cases do not languish on either counsel's desk or court dockets and that the prosecution of actions is expedited to ensure the overarching goal of providing litigants with their day in court[.]" *Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 20, 451 P.3d 105. By placing the responsibility for prosecuting each claim on the party asserting that claim and providing as a penalty for lack of diligence dismissal of that party's claim, the Rule provides a strong incentive for each party seeking a legal remedy to prosecute his or her claim to conclusion without delay.

**{21}** With our Supreme Court's intent in mind, we look next to the statutes and rules governing an appeal from the magistrate court. As relevant here, NMSA 1978, Section 35-13-1 (1975) authorizes "[a]ny party aggrieved by any judgment rendered or final order issued by the magistrate court in any civil action" to appeal to the district court. NMSA 1978, Section 39-3-1 (1955) provides that "[a]ll appeals from inferior tribunals to the district court shall be tried anew in said courts on their merits . . . except as otherwise provided by law." These statutory provisions require that an appeal from the magistrate court in a de novo trial case be pursued by the aggrieved party: the party who is seeking relief from the magistrate court judgment. *See State v. Ball*, 1986-NMSC-030, ¶ 23, 104 N.M. 176, 718 P.2d 686. The term "aggrieved party" is defined almost identically to the term "claimant" or "the party asserting a claim," the phrase used by Rule 1-041(E)(1) to describe the responsible party. *See Aggrieved Party*, *Black's Law Dictionary* (11th ed. 2019) ("A party entitled to a remedy[.]"); *Claimant* and *Claim*, *Black's Law Dictionary* (11th ed. 2019) (defining claimant and claim as the party making "[a] demand for . . . a legal remedy to which [the party] asserts a right").

**{22}** Rule 1-072 NMRA establishes the procedure in the district court to implement these statutory provisions. Consistent with the definition of "aggrieved party," Rule 1-072 puts the burden to petition for or demand relief in the district court on the party who is aggrieved by the magistrate court decision. A trial de novo appeal does not get underway unless the party "who is aggrieved by the judgment . . . in the magistrate court" timely files a notice of appeal seeking relief from the district court, as provided in Rule 1-072(A)-(D). *See Town of Bernalillo v. Garcia*, 1994-NMCA-111, ¶ 14, 118 N.M. 610, 884 P.2d 501.

**{23}** Consistent with these statutes and court rules placing the burden to pursue a legal remedy in the district court on the party aggrieved by the magistrate court's judgment, Rule 1-072(K) provides that during the pendency of a civil appeal, the judgment of the magistrate court remains a valid judgment that can be enforced against the party appealing unless that party files a bond to stay enforcement. Rule 1-072(K) (stating that "the appellant may obtain a stay of the proceedings to enforce the judgment by posting a supersedeas bond"). The bond ensures that the party who prevailed in the magistrate court can enforce its judgment if the appellant's claim for relief on appeal in the district court is unsuccessful.

**{24}** Although this Court has not addressed in a civil case which party is "the party asserting the claim" and therefore responsible for taking significant action to bring the appeal to conclusion pursuant to Rule 1-041(E)(1), this question has been addressed in criminal appeals from the magistrate court. This Court has held that a defendant found guilty in the magistrate court who has appealed to the district court seeking to obtain a reversal of the magistrate court judgment should appropriately "assume the laboring oar in moving the appellate proceeding to trial." *Garcia*, 1994-NMCA-111, ¶ 14; *see State v. Rivera*, 1978-NMCA-089, ¶¶ 11, 15, 92 N.M. 155, 584 P.2d 202 (placing the burden on criminal defendants initiating the appeal to timely prosecute, not on the state, as would be the case in an original criminal proceeding).

**{25}** The same reasoning applies to a civil appeal. NM Leisure is the party petitioning the district court for reversal of the magistrate court's judgments and requesting relief from its obligation to pay the magistrate court judgment amount. Because it is the aggrieved party seeking relief from the magistrate court judgments in favor of the Director, NM Leisure is the "party asserting the claim" in the district court for purposes of Rule 1-041(E)(1). It must therefore assume "the laboring oar" to bring its appeal to conclusion. *Garcia*, 1994-NMCA-111, ¶ 14.

**{26}** NM Leisure also contends, without citation to authority, that the appropriate remedy for the claimed failure of the Director to timely prosecute this action pursuant to Rule 1-041(E)(1) is dismissal of the magistrate court action. Contrary to NM Leisure's contention, however, it is NM Leisure, which faces dismissal of its appeal and enforcement of the magistrate court judgments if it fails in its duty to prosecute its appeal within the two-year period set by Rule 1-041(E)(1).

**{27}** For these reasons, we hold that the district court did not err in placing the responsibility to comply with Rule 1-041(E)(1) on NM Leisure.

## II. The District Court Properly Exercised Its Discretion in Dismissing Pursuant to Rule 1-041(E)(1)

**{28}** NM Leisure next claims that, even if it is the party responsible for bringing its appeal to final disposition, the district court nonetheless abused its discretion in dismissing NM Leisure's appeal pursuant to Rule 1-041(E)(1) under the totality of the circumstances. We disagree.

## A.    Standard of Review

**{29}**    We review a dismissal for failure to timely bring a claim to conclusion pursuant to Rule 1-041(E)(1) for an abuse of discretion. *See Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188. The district court abuses its discretion when its decision "is clearly against the logic and effect of the facts and circumstances of the case." *State v. Nehemiah G.*, 2018-NMCA-034, ¶ 42, 417 P.3d 1175 (internal quotation marks and citation omitted).

**{30}**    When a motion to dismiss pursuant to Rule 1-041(E)(1) is decided where there is no court-ordered schedule or stipulation (as is true in this case), there is no fixed standard establishing what action is sufficient to satisfy the rule and avoid dismissal. *See Summit Elec. Supply Co.*, 2010-NMCA-086, ¶ 13; *Stoll v. Dow*, 1986-NMCA-134, ¶ 11, 105 N.M. 316, 731 P.2d 1360, *superseded by rule as stated in Rodriguez ex rel. Rodarte*, 2019-NMCA-065. The district court is required to determine "upon the basis of the court record and the matters presented at the hearing" (1) whether the party asserting the claim took timely, significant action to bring the claim to an end, and, if not, (2) whether that party was excusably prevented from taking such action. *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 1972-NMSC-027, ¶ 24, 83 N.M. 690, 496 P.2d 1086, *superseded by rule as stated in Rodriguez ex rel. Rodarte*, 2019-NMCA-065.

## B.    The District Court Properly Exercised Its Discretion

**{31}**    NM Leisure asserts that it took sufficient action to bring its appeal to conclusion and, to the extent the district court found its action insufficient, the court or opposing counsel was to blame. We agree with the district court that NM Leisure failed to take timely, significant action to bring its appeal to conclusion or to show that it was excusably prevented from prosecuting its appeal.

**{32}**    NM Leisure first points to its early activity in perfecting its appeal to the district court. This activity, however, ended more than four years before the filing of the motion to dismiss. This Court has held that such early activity is not an obstacle to granting a motion to dismiss pursuant to Rule 1-041(E)(1) when the case has languished for the period specified in the Rule after early activity. *See Stoll*, 1986-NMCA-134, ¶ 12 (affirming dismissal where eleven years had passed without activity after the filing of a request for a trial setting). We therefore see no abuse of discretion in the district court's decision to give little or no weight to this early activity.

**{33}**    NM Leisure next claims that the Director's request for a status conference and hearing and the district court's setting of the same were sufficient action after a prior lapse in activity to avoid dismissal. There is no question that the renewed activity by the Director offered NM Leisure an opportunity to overcome its four-year lapse. NM Leisure, however, failed to take advantage of this opportunity. It did not cooperate with the Director to submit a joint scheduling order, as requested by the court. It was this lack of cooperation by NM Leisure, coming on the heels of four years of inactivity, which led the Director to file his Rule 1-041(E)(1) motion to dismiss. We, therefore, agree with the

district court that the appearance of NM Leisure's counsel at a hearing and status conference was not the type of decisive action to bring the case to disposition that our Supreme Court has held necessary to avoid dismissal after an extended period of inaction. *See Rodriguez ex rel. Rodarte*, 2019-NMCA-065, ¶ 14.

**{34}** NM Leisure next argues that the action it took *after* the filing of the Director's Rule 1-041(E)(1) motion to dismiss was sufficient to avoid dismissal. Although eight months elapsed before the hearing on the motion to dismiss, giving NM Leisure another opportunity to take decisive action, NM Leisure did not file either a proposed scheduling order or a motion for a trial setting. Moreover, the only action taken by NM Leisure during this time—the filing of a stipulated motion to dismiss a defendant improperly named in the magistrate court—is not the type of decisive action required when a motion to dismiss is pending. *Rodriguez ex rel. Rodarte*, 2019-NMCA-065, ¶ 14.

**{35}** At the hearing on the motion to dismiss, NM Leisure claimed that it had participated in recent negotiations to settle the case (the Director's counsel reported to the contrary that NM Leisure had no intention of settling) and belatedly asked the district court to enter the Director's proposed scheduling order and set a trial date. In light of the facts and circumstances before the court, the court acted reasonably in rejecting NM Leisure's argument and request. *Summit Elec. Supply Co.*, 2010-NMCA-086, ¶ 6 (holding that "[d]iscretion is abused [only] when the court exceeds the bounds of reason, all the circumstances before it being considered" (internal quotation marks and citation omitted)).

**{36}** Finally, NM Leisure contends that its lack of activity to bring its appeal to trial or other conclusion was excused by the retirement of the original judge and by three substitutions of counsel by the Attorney General's Office. NM Leisure also blames the Director's failure to push for a decision on his motion to amend the complaint. The applicable standard is whether the conduct of others or circumstances beyond the party's control "excusably prevented [NM Leisure] from taking [action to bring the case to conclusion]." *State ex rel. Reynolds*, 1972-NMSC-027, ¶ 24. NM Leisure failed to present any evidence or to offer any explanation of how the changes of counsel or the retirement of a judge prevented it from taking action to bring its appeal to conclusion. A claimant "may not . . . shift the burden of bringing a case to trial to the court." *Stoll*, 1986-NMCA-134, ¶¶ 7, 12-13. Nor can the burden be shifted to the opposing party. *See State ex rel. Reynolds*, 1972-NMSC-027, ¶ 24 (stating that the opposing party is responsible for delay only where it interfered with or thwarted the claimant's efforts).

**{37}** NM Leisure's claim that its failure to proceed was excused by the lack of a decision on the Director's motion to amend the complaint must fail as well. NM Leisure had many options under the Rules of Civil Procedure. It could have sought a scheduling conference or filed a proposed scheduling order. It could have moved to bar the Director's new claim pursuant Rule 1-041(E)(1). Any inaction on the part of the Director did not prevent NM Leisure from proceeding with its appeal, and thus did not excuse NM Leisure's inaction. *See State ex rel. Reynolds*, 1972-NMSC-027, ¶ 24; *see also Vill. of Ruidoso v. Rush*, 1982-NMCA-056, ¶¶ 4-5, 97 N.M. 733, 643 P.2d 297 (reversing

dismissal of an appeal where the failure to try a case is due to the prosecutor's agreement for delay). We hold that the district court did not abuse its discretion.

**CONCLUSION**

**{38}** For the foregoing reasons, we affirm the district court's order dismissing NM Leisure's appeal from the magistrate court with prejudice. Because no further action is required by the district court, we remand to the magistrate court for enforcement of its judgments.

**{39}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**