This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39237

**JESUS CASTILLO,**

Plaintiff-Appellant,

v.

**GUADALUPE CREDIT UNION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Jose A. Sandoval
Española, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Theresa W. Parrish
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** Plaintiff Jesus Castillo appeals the district court's grant of Defendant Guadalupe Credit Union's motion to dismiss with prejudice for lack of prosecution, pursuant to Rule 1-041(E)(1) NMRA. We reverse.

## DISCUSSION

**{2}** In April 2016, Plaintiff filed a complaint against Defendant based on a slip and fall on Defendant's property. In February 2020, Defendant moved to dismiss Plaintiff's

action with prejudice for lack of prosecution. After a hearing, the district court granted the motion and dismissed Plaintiff's complaint with prejudice.

**{3}** On appeal, Plaintiff argues the district court abused its discretion in dismissing the matter because (1) Plaintiff took sufficient action to preclude dismissal under Rule 1-041(E)(1); (2) Plaintiff's conduct was not willful and he offered a reasonable excuse for failure to be ready for trial; (3) dismissal with prejudice was a drastic sanction; and (4) Defendant did not comply with the Rule 1-016(B) NMRA scheduling order.

**{4}** We review a dismissal for lack of prosecution, pursuant to Rule 1-041(E), for an abuse of discretion. *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188. The district court abuses its discretion when it "exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citation omitted).

**{5}** Rule 1-041(E)(1) provides:

> Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim. An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 . . . or with any written stipulation approved by the court.

Before granting a motion to dismiss, pursuant to Rule 1-041(E)(1), the district court should determine (1) whether the plaintiff took timely, significant action to bring their claim to an end and, if not, (2) whether the plaintiff was excusably prevented from taking such action. *See State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 1972-NMSC-027, ¶ 24, 83 N.M. 690, 496 P.2d 1086, *superseded by rule on other grounds as stated in Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, 451 P.3d 105. "[A] court may, in its discretion, consider as timely, activities occurring between the filing of the motion and the hearing on it." *Sewell v. Wilson*, 1982-NMCA-017, ¶ 36, 97 N.M. 523, 641 P.2d 1070, *superseded by rule on other grounds as stated in Rodriguez*, 2019-NMCA-065. The court should make its determination based on the court record and matters presented at the hearing on the motion to dismiss. *See Reynolds*, 1972-NMSC-027, ¶ 24. The district court must take into consideration

> (1) all written and oral communications between the court and counsel; (2) actual hearings by the court on motions; (3) negotiations and other actions between counsel looking toward the early conclusion of the case; (4) all discovery proceedings; and (5) any other matters which arise and the actions taken by counsel in concluding litigation.

*Jones v. Montgomery Ward & Co.*, 1985-NMSC-062, ¶ 10, 103 N.M. 45, 702 P.2d 990, *superseded by rule on other grounds as stated in Rodriguez*, 2019-NMSC-062. There is

no fixed standard of what action is sufficient to satisfy the requirement of Rule 1-041(E), and each case is determined on its own particular facts and circumstances. *See Stoll v. Dow*, 1986-NMCA-134, ¶ 11, 105 N.M. 316, 731 P.2d 1360; *see also Summit Elec. Supply Co.*, 2010-NMCA-086, ¶ 13 ("New Mexico cases have previously declined to outline precisely what action is sufficient to satisfy Rule 1-041(E)(1).")."Rule 1-041(E) is intended to promote judicial efficiency and to conclude stale cases, but it should not be applied in complete disregard of this Court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities." *Summit Elec. Supply Co.*, 2010-NMCA-086, ¶ 14 (alteration, internal quotation marks, and citation omitted).

**{6}**     Generally, if "the requisite action is taken to bring the case to its final determination, Rule [1-041(E)] is satisfied." *Martin v. Leonard Motor-El Paso*, 1965-NMSC-060, ¶ 7, 75 N.M. 219, 402 P.2d 954, *superseded by rule on other grounds as stated in Rodriguez,* 2019-NMSC-062. "This is not to say that a plaintiff can avoid dismissal by racing to the courthouse with a setting request after [the] defendant has moved under Rule [1-041(E)]." *Sewell*, 1982-NMCA-017, ¶ 36. Nonetheless, to satisfy Rule 1-041(E)(1), a plaintiff "is only required to have made some effort within [the time set out in the rule] to further the prosecution of his case toward a final determination." *N.M. Water Quality Control Comm'n v. Emerald Corp.*, 1991-NMCA-136, ¶ 6, 113 N.M. 144, 823 P.2d 944 (internal quotation marks and citation omitted).

**{7}**     Here, the complaint was filed in April 2016. In the next two and a half years, Plaintiff took steps to move the case to trial—including service of summons on Defendant, service of discovery requests on Defendant, and submission of two requests for a Rule 1-016(B) scheduling order—but, according to the district court, failed to comply with the applicable local rule to obtain a scheduling order. In March 2019, Plaintiff filed a notice of deposition, but Defendant contended Plaintiff did not confer with Defendant's counsel as contemplated by Rule 1-030(A) NMRA, and the deposition did not occur. In September 2019, the district court set a scheduling conference. Plaintiff failed to appear at the scheduling conference. The district court issued a scheduling order on the day of the scheduling conference. Plaintiff failed to comply with deadlines set forth in the scheduling order. Plaintiff's counsel later explained that because of technical issues with his e-filing activity, he was not receiving pleadings, which accounted for his non-appearance and failure to comply with the scheduling order, and he did not realize his mistake until February 2020.

**{8}**     In February 2020, Plaintiff filed a motion for continuance explaining his technical difficulties. The next day, a bench trial was set for April 2020, and Defendant moved to dismiss for lack of prosecution. Between the time of Defendant's motion for dismissal and the hearing on the motion, Plaintiff filed a notice for a need for an interpreter, conferred with Defendant about mediation, and filed a motion for summary judgment on the issue of liability for his claim of negligence. Before the hearing, our Supreme Court issued a notice that because of the COVID-19 public health emergency, all hearings were required to be held telephonically or through video conference. At the hearing on the motion to dismiss and motion for continuance in March 2020, the district court

determined Plaintiff's motion for a continuance was moot because our Supreme Court effectively required the vacation of trials through the summer based on COVID-19.

**{9}** In concluding Plaintiff's complaint should be dismissed with prejudice pursuant to Rule 1-041(E)(1), the district court merely noted that it did not "think that there were any substantial efforts even with the explanation of why those efforts were not taken." The district court's dismissal of Plaintiff's complaint with prejudice under these circumstances amounted to an abuse of discretion in light of the policies behind Rule 1-041(E) and Plaintiff's demonstration of willingness to promptly move its case forward to a final resolution. *See Sewell*, 1982-NMCA-017, ¶ 38 ("Discretion must be used in conformity with the spirit of the law which is but served by giving litigants a chance to be heard when possible."). We explain.

**{10}** Here, Plaintiff's actions were sufficient to further his case to final determination. Plaintiff requested discovery. *See Jones*, 1985-NMSC-062, ¶ 12 ("[D]iscovery should be considered along with other factors indicating activity to bring litigation to a final determination."). He requested scheduling orders, *see Summit Elec. Supply Co.*, 2010-NMCA-086, ¶ 13 ("[A] plaintiff's filing of a request for trial setting before a defendant's filing of a motion to dismiss has been consistently viewed as a good faith action to prosecute a case."), and filed a notice of deposition, which, though not procedurally sound, based on the district court's obligation to consider "other matters which arise and the actions which are taken by counsel in concluding litigation," *Howell v. Anaya*, 1985-NMCA-019, ¶ 6, 102 N.M. 583, 698 P.2d 453 (internal quotation marks and citation omitted), weigh in the calculus of whether Plaintiff's claim should be dismissed with prejudice, though possibly with less force than other actions to move the case to conclusion. He filed a motion for summary judgment and contacted Defendant regarding mediation. *See id.* Despite Defendant's contention to the contrary,[1] Plaintiff took significantly more action than the party in *Director of Labor Relations v. New Mexico Leisure*, 2021-NMCA-008, ¶¶ 33-35, 484 P.3d 999, who, despite requesting a status conference and appearing at a hearing, did not cooperate in submitting a joint scheduling conference as the district court requested, only filed a stipulated motion to dismiss a party after the Rule 1-041(E) motion was filed, and only requested a scheduling order and a trial setting at the hearing on the Rule 1-041(E) motion. *See id.* ¶ 31 (holding that the district court did not abuse its discretion in dismissing the defendant's de novo appeal under Rule 1-041(E)(1) because the defendant "failed to take timely, significant action to bring its appeal to conclusion or show that it was excusably prevented from prosecuting its appeal"). Plaintiff's actions were sufficient to further its case such that the district court abused its discretion in dismissing the matter with prejudice.

---

[1]The parties also cite *Wells Fargo Bank, NA v. Estate of Daugherty*, A-1-CA-36396, mem. op. (N.M. Ct. App. Sep. 16, 2019) (nonprecedential) and *Wells Fargo v. Ramirez*, A-1-CA-36213, mem. op. (N.M. Ct. App. Feb. 26, 2019) (nonprecedential). We decline to address these cases as they are not precedential. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 23, 124 N.M. 754, 955 P.2d 683 (recognizing that memorandum opinions are not precedent).

**{11}**   Defendant argues that the cases cited by Plaintiff and here are inapplicable because what is now Rule 1-041 was amended in 1990 to call for "any significant action," not merely "an action" to bring the case to final determination. *Compare* Rule 1-041(E)(1) ("Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim."), *with* Rule 41(e)(1) NMRA (Supp. 1979) (stating a party could seek to have an action dismissed with prejudice if it was "made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action . . . to its final determination for a period of at least three years"). We are unpersuaded.

**{12}**   We presume our Supreme Court was aware of the common law and did not intend to enact a rule inconsistent with existing law. *See Belen Consol. Sch. Dist. v. Cnty. of Valencia*, 2019-NMCA-044, ¶ 10, 447 P.3d 1154 ("We presume that the Legislature knew about the existing law and did not intend to enact a law inconsistent with any existing law. This principle, however, is inapplicable in circumstances where the legislation directly and clearly conflicts with the common law. When a direct conflict exists, our Supreme Court has made clear that the legislation will control because it is the most recent statement of the law." (alterations, internal quotation marks, and citations omitted)), *aff'd, Nash v. Bd. of Cnty. Comm'rs of Catron Cnty.*, 2021-NMSC-005, 480 P.3d 842; *Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 ("When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." (internal quotation marks and citation omitted)). Our Supreme Court's amendment did not render previous case law irrelevant.

**{13}**   Defendant next argues that *Rodriguez*, 2019-NMCA-065 holds that a party seeking to avoid dismissal *must* be in compliance with an order entered pursuant to Rule 1-016, and because Plaintiff was not in compliance with the scheduling order, he could not avoid dismissal pursuant to Rule 1-041(E)(1). Defendant misapprehends the holding of *Rodriguez*. In that case, this Court concluded that the 1990 amendment "can be understood as establishing at least one per se standard of what action is sufficient to avoid dismissal under the rule." *Rodriguez*, 2019-NMCA-065, ¶ 18 (internal quotation marks and citation omitted). Thus, *Rodriguez* does not require a party to be in compliance with a scheduling order to avoid dismissal, but rather establishes that a party's compliance with a scheduling order constitutes sufficient prosecution of its case to avoid dismissal pursuant to Rule 1-041(E)(1). *Rodriguez*, 2019-NMCA-065, ¶ 18. Thus, Plaintiff's failure to comply with the scheduling order is not, on its own, sufficient to uphold the dismissal of his complaint pursuant to Rule 1-041(E)(1).

**{14}**   Because we determine the district court abused its discretion in determining Plaintiff did not make substantial efforts to prosecute the case and reverse on such basis, we decline to address the parties' additional arguments.

**CONCLUSION**

**{15}** For these reasons, we reverse the district court's order dismissing Plaintiff's complaint with prejudice and remand for further proceedings consistent with this opinion.

**{16}** **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation.**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**